## J. P. CAMPBELL v. L. C. WARNER.

SALE BY DEBTOR; *Preference of Creditors.* Where a debtor sells all his property in good faith to pay certain of his creditors, to the exclusion of others, without any intention to defraud, but simply to prefer some of his creditors to others, *held*, that such a disposition of property is no cause for attachment, and no ground to sustain the charge that the defendant has assigned and disposed of his property with the intent to defraud, hinder and delay his creditors.

*Error from Saline District Court.*

ACTION originally brought by *Campbell* against *Warner,* before a justice of the peace of Saline county, on September 18, 1878. Plaintiff obtained an order of attachment in the action against the goods of the defendant, and thereafter the defendant obtained a change of venue on account of the alleged prejudice of the justice of the peace before whom the case was commenced. The action was then transferred to another justice of the county. On October 16, 1878, the defendant filed his affidavit denying the grounds laid in the affidavit for an attachment. On the 3d of December, 1878, trial was had on said attachment. The justice discharged the attachment, but gave judgment for plaintiff for the amount of his claim against the defendant. Bills of exceptions were duly prepared before the justice of the peace, and the action taken on error by the plaintiff to the district court of Saline county. On the 4th of January, 1879, the district court affirmed the judgment and order of the justice of the peace. The plaintiff brings the case here.

*John Foster,* for plaintiff in error.

*Mohler & Cunningham,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an attachment brought by Campbell against Warner. The affidavit charged the defendant with having assigned and disposed of and with be-

ing about to dispose of his property and a part thereof, with the intent to defraud, hinder and delay his creditors, and with having property and rights in action which he concealed. The defendant denied on oath the grounds laid for the attachment, and the justice after hearing the evidence produced by the parties on the issue thus formed decided that these grounds were not sustained by the evidence, and forthwith discharged said attachment. Afterward the case was taken to the district court on error, and this order was affirmed.

The dissolving of the attachment by the justice, and the affirmance of such order, are the main causes of complaint before us. We perceive no error in the action of the district court. The evidence presented to the justice was all oral except a single deposition, and the well-established rule of this court applies, that said judgment ought not to be disturbed by us, if there is any evidence to sustain it. In the case, the justice was the trier of all the questions of fact. On the part of the defendant it was shown, that after the commencement of this action, and before the issuance of the order of attachment, viz., on the 23d of September, 1878, the defendant sold and disposed of all his property in good faith, to pay certain of his creditors, to the exclusion of plaintiff and others, without an intention to defraud, but simply to prefer some creditors to others. If the justice believed the evidence of defendant (and of that the justice was the judge), the order discharging the attachment was properly made, as such a disposition of property, although to the advantage of one creditor in preference to another, is not contrary to the law, and is not a ground for attachment. (*Avery v. Eastes*, 18 Kas. 505.) Perhaps upon a trial upon all the evidence, this court might have come to a conclusion different from that of the justice; but this is not a sufficient cause for a reversal.

The judgment of the district court will be affirmed.

All the Justices concurring.