# Eva A. Randall v. John Shaw.

1. JUDGMENT, *When Reversed.* Where the finding and judgment of the trial court are wholly unsupported by the evidence, the judgment will be reversed.

2. ——— *Preference of Creditor.* A debtor has the right to prefer one creditor over another, and the vigilant creditor is entitled to the advantage secured by his watchfulness and attention to his own interests.

3. DEBTOR, *May Secure Particular Debt, When.* A debtor acting in good faith, and without an intention to defraud, may execute a chattel mortgage upon his personal property to secure a particular debt due one creditor, pending an action by another creditor to recover a judgment against him.

*Error from Rooks District Court.*

. At the May Term, 1881, of the district court, defendant *Shaw* recovered a judgment against plaintiff *Randall*, who brings the case here.    The facts are stated in the opinion.

*A. L. Patchin*, and *M. C. Reville*, for plaintiff in error.

*Walrond & Mitchell*, and *C. W. Smith*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of replevin by Eva A. Randall, plaintiff in error, against John Shaw, defendant in error.    The facts are substantially as follows: Plaintiff alleged in her petition special ownership and right of possession, to the personal property in controversy, by virtue of a chattel mortgage executed by Marvin Randall, the owner of the property, to G. W. Elliott, on October 20, 1880, to secure the payment of a note of $679, executed the same day, and due August 20, 1881.    The mortgage was filed for record upon the date of its execution.    The note and mortgage were afterward assigned by Elliott to plaintiff, but before the commencement of this action.    The defendant is the sheriff of Rooks county, and as such sheriff, on the 3d day of January, 1881, upon an *alias* execution issued out of the district court of Rooks county, upon a judgment rendered on the 27th day of October, 1880, in that court, in the case of Weil & Co. *v.* Marvin Randall, *et al.*, levied upon and took into his possession the personal property claimed by plaintiff.    The answer alleged that the note and mortgage were executed without any consideration by Randall to Elliott, to defraud, hinder and delay the creditors of Randall, and that the alleged assignment thereof was wholly fictitious and fraudulent.    On the part of the plaintiff, it was shown in evidence that G. W. Elliott was the father of the wife of Marvin Randall; that Elliott, in October, 1880, held notes of Randall's for money loaned him, and at some time in that

month he sent the notes to his son. J. W. Elliott, to be placed in the hands of a lawyer for collection or to be secured; that Marvin Randall delivered the note and mortgage set forth in the petition to J. W. Elliott, for his father G. W. Elliott, and that the old notes were then taken up for the new one, given for the faces of the old ones. The judgment upon which the *alias* execution was issued was not rendered until after the chattel mortgage was filed for record, although the action of Weil & Co. *v.* Randall was pending at the date of the execution of the chattel mortgage. A large portion of the personal property embraced in the chattel mortgage was sold by Randall after its execution, but the proceeds thereof were applied by him upon the note. G. W. Elliott, the father of the plaintiff, prior to the transfer of the note and mortgage, had been in feeble health, and was not expected to live very long. He was arranging his business in anticipation of dying at any time. He was worth from $15,000 to $20,000, and had made advances to his other children, taking receipts therefor. He transferred the note and mortgage, without consideration, to plaintiff, the wife of Marvin Randall. There was no evidence introduced by the defendant contradicting or conflicting with the testimony of plaintiff, yet the court made a general finding in favor of the defendant, and rendered judgment that the latter was entitled to the possession of the goods and chattels described in the petition. This judgment must be reversed, because upon the record it is wholly unsupported by the evidence. At the time the action of Weil & Co. was commenced against Marvin Randall, *et al.*, Randall was then indebted to G. W. Elliott, and the indebtedness was evidenced by notes executed therefor. Pending the action against him, Randall had the legal right, in good faith and without an intention to defraud, to secure such indebtedness upon any property he had, and his giving a new note in lieu of the old ones, and the execution of a chattel mortgage as security was a legitimate and fair transaction, for aught that appears in the record. It is well settled that a debtor has the right to prefer one creditor over another, and

that the vigilant creditor is entitled to the advantage secured by his watchfulness and attention to his own interests. (*Avery v. Eastes*, 18 Kas. 505; *Campbell v. Warner*, 22 Kas. 604.) Elliott had also the right to transfer the note and mortgage to the plaintiff merely as a gift, or as an advancement to her to equalize the distribution of his estate among his children before his death, and if valid in his hands they were equally so in the hands of his daughter, the plaintiff. We do not think the testimony justified the court as a trier of fact, in coming to the conclusion that the execution of the note and mortgage of October 20, 1880, was fraudulent.

Something is said in the brief of counsel for defendant, to the effect that the old notes at the time of the execution of the new note were barred by the statute of limitations, but the record does not clearly sustain this statement. Likewise, we find no justification for the assertion of counsel that plaintiff's admissions show a fraudulent design between her and her husband to make the husband execution-proof. If, upon another hearing, it shall appear that the alleged indebtedness of Marvin Randall to G. W. Elliott prior to October 20, 1880, was fictitious, or that the old notes, if any existed, had been satisfied by a payment or gift before the execution of the new note and chattel mortgage, or if in any other manner it shall be shown that the new note and mortgage were delivered to Elliott without consideration, of course plaintiff would not be entitled to recover the property in dispute, as the mortgage, if void in the hands of her father, would have no force or validity by the transfer to herself.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.