DUDLEY M. STEELE ET AL., PLAINTIFFS IN ERROR, V. JOHN G. DODD ET AL., DEFENDANTS IN ERROR.

1. **Attachment**: AFFIDAVIT. Although an affidavit setting forth a ground of attachment substantially in the words of the statute will support the writ as long as it stands unchallenged by a denial, when so challenged its truthfulness must be shown by competent proof of facts, or the attachment will fail. Facts examined and held not to warrant an attachment.

2. **Ground of Attachment**: REMOVAL OF PROPERTY. The mere fact of a removal of property out of the jurisdiction of a court, unless it be done with intent to defraud creditors, does not give the right of attachment.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Euclid Saunders* and *Dilworth & Smith*, for plaintiffs in error.

*Batty & Ragan*, for defendants in error.

LAKE, CH. J.

This is a proceeding in error, and is brought to reverse an order of the district court for Adams county dissolving an attachment levied on the property of Lizzie E. Reed, one of the defendants.

The affidavit for the attachment was made by an attorney of the plaintiffs', in which several grounds were stated,

substantially in the words of the statute, and to the effect that the defendants were "about to convert a part of their property into money for the purpose of placing it beyond the reach of their creditors," that they "have property and rights in action which they conceal," that they "have assigned, removed, and disposed of a part of their property," and "are about to dispose of a part of their property, with the intent to defraud their creditors."

Although this affidavit is made up of conclusions merely, having none of the facts or circumstances from which they were drawn, it justified the issuing of the order of attachment, and was adequate to support it so long as it stood unchallenged by a denial of its truthfulness. But it was so challenged by the oath of Mrs. Reed, under a motion to dissolve, whereby the burden of showing that the conclusions in the affidavit for the attachment were warranted was cast upon the plaintiffs. *Hilton v. Ross*, 9 Neb., 406.

Recognizing the obligation imposed upon them by this rule, the plaintiffs produced several affidavits which they claim overcome Mrs. Reed's denial, and fully support the attachment. But the court below seems to have thought otherwise, and so do we. In these supporting affidavits we find no facts tending to show any concealment of property or rights in action by Mrs. Reed, or any design of placing her effects beyond the reach of, or in any other manner of defrauding, her creditors.

The first of these affidavits is that of G. D. Pierce, who made the one on which the order of attachment issued. The substance of it is, that during the years 1878–9 the defendants were engaged as partners, under the firm name of Dodd & Co., in the retail grocery business at Hastings, in this state. That, including her interest in that business, Mrs. Reed had real and personal property of the value of thirty-eight hundred and fifty dollars. That in 1879, about when the plaintiffs' claim fell due, Mrs. Reed sold her interest in the partnership to her partner, Dodd, and

also "disposed of all her other personal property, and converted the same into money," * * * * "with the intent to defraud her creditors." That she made several conveyances of real property, one in March, 1880, to Frank C. Phillips, for three hundred and fifty dollars, one in September of the same year to Carson J. Hamot, for the nominal consideration of fifteen hundred dollars, and one in September, 1881, to a Mrs. Paul, for the nominal consideration of one thousand dollars. No fraud is alleged by affiant of the first of these conveyances, but of that to Hamot he says, "no consideration whatever was paid," and that it was made "for the purpose and with the intent to defraud her creditors," and of that to Mrs. Paul, that she was without means to pay for the property, wherefore he "firmly believes that the conveyance * * * was without any consideration, and was made by the said Lizzie E. Reed for the purpose and with the intent to defraud her creditors." He further swears that "said Lizzie E. Reed has removed from said county of Adams, and has taken with her all her personal property, and that the only property remaining to her in said county, subject to attachment," is that seized in this action, and worth only about eight hundred dollars.

We find in this affidavit no fact or circumstance justifying the conclusion or belief of affiant that either of these sales was fraudulent, and especially so when taken in connection with Mrs. Reed's explanation of her temporary removal from the county, to which we shall hereafter refer more particularly. The inference that the conveyance to Hamot was fraudulent seems to have been based chiefly upon an admission by him that it was without consideration, and that it was re-conveyed to her in less than a year afterwards. This admission, however, is merely hearsay, and not binding upon Mrs. Reed. It cannot be used to her prejudice. Besides, even if Hamot gave no consideration, the transaction as evidence of fraud seems to be deprived of all force by the fact that he re-conveyed the

Steele v. Dodd.

premises to her before the suit was instituted, and more than nine months before the order of attachment was issued. Then, too, we have the attendant circumstance, strong against the idea of there being fraud in the transaction, that Mrs. Reed's only indebtedness so far as disclosed was simply that to the plaintiffs, which was then less than four hundred dollars, a sum quite inconsiderable in comparison with what her property is admitted to have been worth.

As to the conveyance to Mrs. Paul, affiant's conclusion that it was fraudulent, as shown by his affidavit, rests entirely upon the facts that she herself was worth but little, and that her husband having then but recently failed in business had no means with which to aid her. These circumstances alone are not adequate to the establishment of fraud on the part of Mrs. Reed. Aside from the argumentative inference which affiant would have us draw therefrom, nothing is offered to show that the consideration mentioned in the deed was not actually paid; but even if it had not been paid, and the sale were on time, being in all other respects fair, a design to defraud the plaintiffs would hardly be reasonably inferable therefrom.

The only other affidavit relating to the question of fraud is that of George W. Barr, a traveling salesman of the plaintiffs. It, however, adds nothing important to the one we have just examined, being but a repetition merely of it as to the facts sworn to.

As to Mrs. Reed's removal from "the jurisdiction of the court" with a part of her property, which is charged by the plaintiffs to have been "with intent to defraud her creditors," she swears that in August, 1881, desiring that her daughter should have an opportunity to attend the State University, at Lincoln, "she went there with her and occupied rooms temporarily." That "she did not move from Hastings, but was only temporarily absent during the school term, and expected to return as soon as the term was

out." It appears that in accordance with this expectation she did return to Hastings and is now residing there.

The mere fact of a removal of property from the jurisdiction of a particular court, or from the state even, unless accompanied with an intent to defraud creditors, does not give the right of attachment under our law. The particular intent mentioned in the statute is essential to that right. Without such intent a debtor is at full liberty to change his place of abode and go with his effects whithersoever he wills, with all the freedom from lawful molestation of one not indebted. We are of the opinion that the court below took the correct view of the case, and the judgment will be affirmed.

JUDGMENT AFFIRMED.