Hardware Co. v. Implement Co.

THE WYETH HARDWARE COMPANY V. THE STANDARD
IMPLEMENT COMPANY *et al.*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS—*Preferences.* A debtor in failing circumstances, engaged in making a general assignment of his property for the benefit of all his creditors, cannot at the same time make valid preferences of certain of his creditors, by chattel mortgages or otherwise.

2. ———— *Certain Creditors not Entitled to Preference.* Where an insolvent debtor commences the preparation of chattel mortgages to prefer certain creditors, but while writing such chattel mortgages, and before the execution of the same, determines to make a general assignment of all his property for the benefit of his creditors and selects his assignee therefor, and then proceeds to execute his chattel mortgages to prefer certain creditors, and at once completes his deed of assignment in accordance with his previous resolution, the making of the chattel mortgages and the execution of the deed of assignment will all be treated as a simultaneous or continuous act, and the creditors named in the chattel mortgages will not be entitled to any preference.

3. CASE, *Commented on.* The case of *Bailey v. Manufacturing Co.*, 32 Kas. 73, referred to and commented on.

*Error from Saline District Court.*

ON September 1, 1887, the *Standard Implement Company* began a suit in attachment in the district court of Saline county against T. C. Ritter & Co. A stock of hardware was attached, a receiver appointed, and the property sold. The *Wyeth Hardware Company* was allowed to interplead in the case, claiming a first lien on the attached property and the proceeds arising from the sale thereof by virtue of a chattel mortgage executed August 30, 1887, by the said T. C. Ritter & Co., to secure a note of $548.96. At the May term, 1888, the case was tried by the court, without a jury, on the interplea of the *Wyeth Hardware Company*, the answer of the *Standard Implement Company*, and the reply of the *Wyeth Hardware Company*. The court made the following findings of fact and conclusions of law:

"1. On August 30, 1887, T. C. Ritter & Co., of Salina,

Kas., were indebted to the Wyeth Hardware Company in the sum of $548.96.    To secure said indebtedness, said T. C. Ritter & Co. executed to said Wyeth Hardware Company a mortgage on their stock of hardware in Salina, Kas., for that amount.

"2. On said August 30, 1887, T. C. Ritter & Co. gave other mortgages on said stock, amounting to about $1,100.

"3. After the execution and filing of said mortgage to Wyeth Hardware Company, and on the same day, T. C. Ritter and P. J. Ritter executed a deed of assignment for the benefit of the creditors of the firm of T. C. Ritter & Co., and signed it with the firm-name.

"4. At that time the firm of T. C. Ritter & Co. consisted of T. C. Ritter, P. J. Ritter, and H. M. Sturdevant.

"5. At the date of making said mortgages the firm of T. C. Ritter & Co. was insolvent.

"6. On September 1, 1887, the Standard Implement Company and other creditors of T. C. Ritter & Co. attached the stock of goods mortgaged to said Wyeth Hardware Company. Afterward E. W. Blair was appointed receiver to take charge of said attached property."

"The mortgage of the Wyeth Hardware Company is void, and is no lien on the funds in the hands of the receiver.    The mortgages executed by T. C. Ritter & Co., in favor of Wyeth Hardware Company and other creditors, on August 30, 1887, were made voluntarily by T. C. Ritter, without solicitation from said creditors, and as part of the plan of said Ritter to abandon control of his property by making an assignment thereof for the benefit of creditors, with a preference of Wyeth Hardware Company and others.    The mortgages and deed of assignment were made at substantially the same time and as part of one and the same transaction. The Wyeth Hardware Company did not ratify the making of said mortgage and accept of the same until after the execution of the deed of assignment, and had no knowledge that the making of such mortgage was contemplated until notified at St. Joseph, by telegram from Salina."

Upon the findings of fact, the court adjudged that the mortgage of the *Wyeth Hardware Company* was null and void, and not a valid lien upon or claim against the funds in the hands of the receiver, and further adjudged that the *Wyeth Hardware Company* pay the costs of the proceeding, taxed at

$——. The *Hardware Company* excepted, and brings the case here.

*R. A. Lovitt,* for plaintiff in error.

*Garver & Bond,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This case was tried by the court without a jury. The court made the following finding of fact:

"The mortgages executed by T. C. Ritter & Co. in favor of the Wyeth Hardware Company and other creditors, on August 30, 1887, were made voluntarily by T. C. Ritter & Co., without solicitation from such creditors, and as part of the plan of Ritter to abandon control of his property by making an assignment thereof for the benefit of his creditors, with a preference to the Wyeth Hardware Company and others. The mortgages and deed of assignment were made at substantially the same time, and as part of one and the same transaction. The Wyeth Hardware Company did not ratify the making of the mortgage and accept the same until after the execution of the deed of assignment, and had no knowledge that the making of such mortgage was contemplated until notified at St. Joseph, by telegram from Salina."

The contention in this case is, that the evidence does not sustain this finding; and further, if the finding is supported, that the mortgage to the Wyeth Hardware Company is not null and void, as declared by the trial court. We think the finding of fact referred to is fully sustained by the evidence. It is a familiar doctrine that every presumption upon appeal or on error is in favor of the finding and judgment below. The burden is on the appellant, or party complaining, to show error. The Wyeth Hardware Company does not appear in this case as a vigilant creditor, urging the execution of a chattel mortgage to secure its indebtedness. The evidence shows that on August 30, 1887, T. C. Ritter & Co., being in an insolvent condition, and having determined to turn over their property to their creditors by assignment, and desiring, in doing so, that certain creditors might be preferred in the payment of

their claims, executed five chattel mortgages, to Smith George, Rothschild Bros., B. E. Quincy, the Wyeth Hardware Company, and Wight & Henne, respectively; and that, at the same time, they executed a general deed of assignment of their property for the benefit of all their creditors. The writing of these mortgages was concluded about 4 o'clock P. M. on August 30th, and as soon as completed the mortgages were deposited with the register of deeds of the county; that of the Wyeth Hardware Company being indorsed as filed at 4:20 P. M. The chattel mortgages, and also the deed of assignment, were written at Lovitt & Sturman's office in Salina, by Mr. Sturman. The mortgages were taken to the court-house and filed about the same time. Smith George, the assignee named in the deed of assignment, took the mortgages to the court-house for record. After leaving the mortgages for record, he went back in about half an hour to Lovitt & Sturman's office, and when he got back the deed of assignment had been written up, and he was in the office when the deed was signed. Before the mortgages were executed, it was agreed that he should be the assignee in the deed which was to be prepared at once. Under the evidence and the finding of the trial court, the making of the chattel mortgages and the execution of the deed of assignment must all be treated as a simultaneous or continuous act. The statute provides that—

"Every voluntary assignment of lands, tenements, goods, chattels, effects and credits, made by a debtor to any person in trust for his creditors, shall be for the benefit of all the creditors of the assignor, in proportion to their respective claims; and every such assignment shall be proved or acknowledged, and certified and recorded in the same manner as is prescribed by law in cases wherein real estate is conveyed." (Gen. Stat. of 1889, ¶ 342; Gen. Stat. of 1868, ch. 6, § 1.)

In *Bailey v. Manufacturing Co.*, 32 Kas. 73, it is declared "that an insolvent, as long as he retains a *jus disponendi* of his property, may appropriate it to the payment of his debts, and may prefer creditors. He may use all of his property this

1. Assignment for benefit of creditors— preferences.　way, or he may so use a part, and make a general assignment of the remainder." But a debtor, in failing circumstances, engaged in making a general assignment of his property for the benefit of all his creditors, cannot at the same time make valid preferences of certain of his creditors by chattel mortgages or otherwise.

It is said in *Shillito v. McConnell* (Sup. Ct. of Ind.), 26 N. E. Rep. 832, that—

"While it cannot be said that the debtor has in fact surrendered dominion over his property until the assignment is complete, as from the purely voluntary nature of the transaction he may at any time before the final act change his mind and refuse to complete it, yet, being completed, we think it ought to be held to relate back to the time when it was actually commenced, and cover all intervening transactions. The act of making the assignment embraces the preparation and execution of the necessary instruments; and whether that takes a long or a short time, it certainly must all be treated as one continuous act. To say that the debtor's surrender of his absolute control over the disposition of his property is to be dated from the time he actually commences to make the assignment, is to give to the entire transaction the character of good faith, and make it in fact what it purports to be, an effort to secure to all his creditors that equal consideration contemplated by 2. Certain creditors not entitled to preference. the statute. But to hold that while he is thus engaged he may at the same time successfully prefer favored creditors, is to hold that he may at one and the same time do two exactly contradictory acts. It is to hold that he may be engaged in making a voluntary assignment for the benefit of all his creditors, insuring the equal distribution of all his property among all of them, without preference, and also in securing to some of these creditors payment in full of their claims to the exclusion of others; something as difficult of accomplishment as the equestrian feat of riding two horses in opposite directions at the same time."

It is urged upon the part of the hardware company that the prior decisions rendered by this court uphold the chattel mortgage given to that company. The following cases are cited in support of this claim: *Randall v. Shaw*, 28 Kas. 419; *Tootle v. Coldwell*, 30 id. 125; *Bailey v. Manufacturing Co.*,

32 id. 73; *McPike v. Atwell*, 34 id. 142; *Deford v. Nye*, 40 id. 665.   In neither of the cases of *Randall v. Shaw*, supra, nor *Tootle v. Coldwell*, supra, was there any general assignment; therefore, in those cases, it cannot be said there were any preferences of creditors while the insolvent debtor was engaged in the act of making an assignment under the terms of the statute, because no assignment was ever consummated.   In *McPike v. Atwell*, supra, the chattel mortgage was executed and delivered on May 7, 1884; the deed of assignment was executed and delivered on the 19th day of June, 1884.   These instruments were not executed at substantially the same time, or as a part of one and the same transaction.   In *Deford v. Nye*, supra, the opinion states that there " was competent testimony to show there was no connection between the making of the mortgages and the deed of assignment, and that they were not intended or treated as a single transaction."   In

3. Case, commented on.    *Bailey v. Manufacturing Co.*, supra, the insolvent debtor agreed to execute the chattel mortgages on January 17 or 18, 1882.   The mortgages were executed on January 19, 1882, and filed for record at 5 o'clock P. M. of that day.   The deed of assignment was not executed until the next day—January 20, 1882—and filed for record at 9 o'clock A. M. of that day.   That case, in some of its features, is similar to this, but it could not be said in that case, as it clearly can in this, that the making of the chattel mortgages and the execution of the deed of assignment were a simultaneous or continuous act.   If, however, there is any declaration of law in this case which is at variance with the views of the court announced in the case of *Bailey v. Manufacturing Co.*, we are of the opinion, after mature consideration, that that case must be modified to conform with the views herein expressed.

The judgment of the district court will be affirmed.

All the Justices concurring.