## Richmond.

### BURRUSS, SON & CO. v. TRANT & BRO.

#### April 7th, 1892.

1. ATTACHMENT—*Fraudulent Conveyances—Burden of proof.—Onus* is on the attaching creditors to show the existence and truth of the alleged grounds of their attachment.
2. IDEM—*Evidence—Case at bar.*—The evidence disclosed by the record and set forth in the opinion in this case;

HELD:

      Insufficient to prove the fraud alleged, and to invalidate the conveyances attacked as fraudulent in the bill.

Appeal from decree of hustings court of city of Portsmouth, rendered April 25th, 1890, in a suit wherein the appellant, the firm of Burruss, Son & Co., was plaintiff, and the firm of Trant & Bro. was defendant.    Opinion states the case.

*W. N. Portlock* and *Edwards & Hopper*, for appellants.

*Watts & Hatton*, for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

On the 8th day of March, 1890, N. Burruss, doing business as Burruss, Son & Co., sued out of the clerk's office of the court of hustings for the city of Portsmouth, an attachment against George R. Trant and J. B. Trant, doing business as Trant & Bro., which attachment was sued out in

an action of debt instituted the same day by the said plaintiff against the said defendant, and was duly levied on certain real and personal property of the said Trant & Brother, as appears by the return on said attachment. In the affidavit for the said attachment the sole ground alleged is that "the said defendants, Trant & Brother, have assigned or disposed of or are about to assign or dispose of their estate, or some part thereof, with intent to hinder; delay, or defraud their creditors. On April 3d, 1890, Trant & Brother moved the court to quash the attachment as having been issued on false suggestion and without sufficient cause; which motion, upon the evidence adduced and full argument, the court sustained, and quashed the said attachment, on the 25th day of April, 1890. To which action of the court Burruss excepted, and obtained a writ of error and *supersedeas* from this court.

The record presents the sole and simple inquiry. Had Trant & Brother, at the time of the suing out of the attachment, assigned or disposed of, or were they about to assign or dispose of their estate or some part thereof, *with intent to hinder, delay or defraud their creditors ?* "

The *onus* was upon the attaching creditor—the plaintiffs, Burruss, Son & Co., to show the existence and the truth of the alleged ground of their attachment. *Wright* v. *Rambo*, 21 Gratt. 158; *Sublett & Cary* v. *Wood*, 76 Va. 318.

The entire evidence introduced by Burruss, Son & Co. to sustain the charge of fraud and to support the attachment, was his own testimony, and three deeds of trust to G. Hatton, trustee—the first dated November 14th, 1889, was made by Trant & Brother to secure a note executed by them, to the Bank of Portsmouth for $4,000, which deed the Bank of Portsmouth, to whom it was delivered and who held it, did not put to record until March 10th, 1890. The other two deeds of trust were dated March 11th, 1890, and were recorded March 22nd and March 27th, 1890, respectively. One was an assignment of all the property and assets of the firm of Trant &

Brother, except their books and accounts, to secure certain notes, drafts, &c., held by the said Bank of Portsmouth; and the other was an assignment of all the said books and accounts to secure certain creditors not provided for in the other assignment.

The defendants, Trant & Brother, introduced no evidence, deeming it unnecessary because of the utter insufficiency of the proof offered by the plaintiff, Burruss.

There is nothing in the evidence of Burruss and three deeds of trust aforesaid to warrant the attachment sued out by him in this case. He relies solely upon the bare fact that the deed of November 14th, 1889, to secure the $4,000 debt to the Bank of Portsmouth, was not recorded until March 10th, 1890, by the said bank. No fraudulent intent was shown, nor was it asserted or implicated that the debts secured were not actual, _bona-fide_ debts due by Trant & Brother; and Burruss did not even attempt to show any fraudulent intent, by putting upon the witness-stand either Trant, any officer of the bank, or the trustee in the deed. The mere failure or neglect of the bank to record the deed given for its security, without the least evidence or suspicion that Trant & Brother knew of, requested or desired such want of action on the part of the bank, cannot be construed as an attempt by Trant & Brother to hinder, delay or defraud their creditors. The testimony of Burruss shows, that in February, 1890, Trant presented at the banking-house of Burruss, Son & Co. a draft for $600, drawn by Trant & Brother on Brown, Graves & Co., of Baltimore, Maryland, payable fifteen days after date of February 18th, 1890, and _accepted by Brown, Graves & Co._, which said accepted paper Burruss, Son & Co. discounted at the rate of two and a half per centum for less than fifteen days, and forwarded the same to Baltimore for collection. Burruss does not testify or claim that any representation was made to him, at that time, either as to the solvency of Trant & Brother or of Brown, Graves & Co., of Baltimore. No representation of any kind was made

or required. Burruss, Son & Co. discounted the draft because Trant & Brother, the drawers of the draft, had good standing; and they had frequently cashed their paper before. After Brown, Graves & Co. failed to pay the draft, and Burruss, Son & Co. were informed thereof by telegraph, and told to get something out of Trant & Brother that day, by all means, he (Burruss), with his attorney, went to Mr. G. R. Trant and requested security, when Mr. Trant frankly informed him that he could not secure him, and that Trant & Brother were indebted to the Bank of Portsmouth in about $11,000, and that if Brown, Graves & Co. had failed, he did not know what his firm would do. Whereupon Burruss instituted this suit and sued out this attachment.

No fraud on the part of the bank or of the trustee in the deed of November 14th, 1889, is alleged or shown; and the omission of the bank to record the deed before March 10th, 1890, was simply the result of oversight, and there is nothing in the evidence to warrant the faintest presumption to the contrary. Burruss testifies: "I never examined the records to ascertain if Trant & Brother had made any deeds, and never made any inquiry of them as to that fact. I never took any steps before cashing the draft to ascertain if Trant & Brother had made any deed. I know of *no act of fraud committed by Trant & Brother, except this deed.*"

Because Trant & Brother became insolvent on March 10th, 1890, and Brown, Graves & Co., of Baltimore, in good commercial standing, failed to pay a draft of Trant & Brother, which they had duly accepted, and which, upon the faith of their said acceptance, had been heavily discounted by Burruss, Son & Co. in the regular course of commerce, does not warrant the presumption that the belief of Mr. Trant, in December, 1889, that the firm of Trant & Brother was solvent, was false, and that a deed of trust made by them November, 1889, to secure an admittedly honest debt to the Bank of Portsmouth, was so, then, made with intent to hinder, delay or defraud

their creditors; and can afford justification and legal warrant for the affidavit-attachment suit of Burruss, Son & Co., on March 8th, 1890, for fraud, upon their draft, duly accepted, but dishonored, by a Baltimore house, apparently, and honestly believed by Trant & Brother to be solvent. It is not enough that the attaching creditor *believes* and *alleges* the fraudulent intent; he must prove reasonable and rational grounds for his allegations and belief as the basis of his attachment proceedings. This is required by a long line of decisions of this court upon the subject of fraudulent conveyances; and this case is ruled by the recent case of *Wingo, Ellett & Crump* v. *Purdy & Co.*, 87 Va. (12 Hansbrough) 472.

There is no error in the judgment complained of, and it is affirmed by the order of this court.

JUDGMENT AFFIRMED.