## WILCOX v. SMITH *et al.*

1. Under Section 5011, Comp. Laws, a defendant may unite in the same motion, as grounds for the discharge of an attachment, that the affidavit upon which the attachment was issued is insufficient in either form or substance; and that it is untrue in fact.

2. When, upon such motion, the defendant duly traverses all the statements of the plaintiffs affidavit upon which the attachment was issued, it is incumbent upon the plaintiff to support such statements by further evidence. Failing to do this, the attachment is properly discharged.

(Syllabus by the Court. Opinion filed July 26, 1893.)

Appeal from circuit court, Sully county. Hon. H. G. FULLER, Judge.

Motion to dismiss an attachment. Motion allowed. Plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*A. Gunderson,* for appellant.

*T. M. Simmons (Horner & Stewart of counsel)* for respondents.

KELLAM, J. An attachment was issued in this action upon an affidavit of plaintiff, alleging the indebtedness of defendants; that the same was incurred "for money obtained under false pretenses, and that said defendants are about to assign, dispose of, and secrete their property, with the intent to defraud their creditors; and that plaintiff has demanded of defendants security for said debt, but defendants have refused to secure the same." Defendants moved to discharge the attachment on two grounds: (1) Upon the insufficiency of the affidavit, in its statement of the indebtedness, and of the false pretenses under and by which the indebtedness is charged to have accrued; and (2) that the affidavit was untrue in point of fact. This motion to discharge was supported by the affidavit of one of the defendants, specifically and separately denying the several statements of the procuring affidavit. Upon the hearing of defendant's motion to discharge, the plaintiff moved to strike out the first ground of the motion for the reason that it was "in the nature of a demurrer, and is inconsistent with the second paragraph of said motion, and that by pleading the second ground the defendants waive the irregularity complained of in the first." This motion being overruled, plaintiffs moved that defendants be required to elect upon which of the two grounds stated they would rely, which motion was also denied, to both of which rulings plaintiff excepted. The court then, considering the case upon the affidavits already referred to,—no others being presented by either side—discharged the attachment, to which

the plaintiff excepted, and from such order appeals. The errors assigned are as indicated by the three exceptions noted.

Section 5011, Comp. Laws, provide that "in all cases the defendant * * * may move to discharge the attachment." This is the only statutory provision authorizing a defendant to move for such discharge. It is general, and suggests no restriction as to what grounds may be urged or united on such motion. It was evidently intended to afford speedy relief to a defendant whose property is wrongfully attached. It would be shorn of much of its efficiency in this respect if a defendant were compelled to proceed solely upon one ground, to the exclusion of others. If he believed the statements of the affidavit were on their face insufficient to justify the attachment, he ought not to be compelled to forego that ground because he also desired to traverse and contest the truthfulness of the allegations that were made, or intended to be made, as a cause for issuing the attachment. Either is a good ground for discharge. They are not inconsistent, because both may be true, and we perceive no justification, either in the law or in reason, for requiring a defendant to elect, in such case, upon which one of such two grounds he will rely, and to abandon the other. It is true, as argued by appellant, that an objection to the sufficiency of the statements of the attachment affidavit is in the nature of a demurrer. So is the objection to the introduction of evidence under a complaint because of the insufficiency of its statements in the nature of a demurrer. But a defendant is never refused the advantage of such objection because he also denies the truthfulness of the statements of the complaint. In a case very similar to this the South Carolina court says: "The sufficiency of the affidavit must be determined, in the first instance, by inspection. If considered sufficient to sustain the attachment, *prima facie*, the affidavits read at the hearing for the motion, and those in behalf of the plaintiff in reply, must be considered; and if the allegations, as stated in the original affidavit, be not sustained, the motion must be granted; otherwise it must be

refused." Kercher v. McCormac, 25 S. C. 461. Appellant cites no authority sustaining such a construction of the attachment law as he claims, and we are not aware of any.

Appellant further contends that the attachment should have been sustained on the merits. But when the defendant presented his affidavit, denying specifically each fact stated in plaintiff's affidavit as a ground for the attachment, the burden of proof rested on the plaintiff. Wyman v. Wilmarth, 1 S. D. 172, 46 N. W. Rep. 190, and cases cited. It then became incumbent upon him to sustain the allegations of his attachment affidavit with other proof. Failing in this, there was no error in discharging the attachment. The judgment of the circuit court is affirmed; costs to be taxed in accordance with the stipulations on file. All the judges concurring.