J. F. DUNN v. N. B. CLAUNCH, J. C. GILLILAND AND M. H. DODSON.

(Filed March 4, 1904.)

1. ATTACHMENT—Amendment a Matter of Judicial Discretion, When. When a motion is filed to discharge an attachment, but is not supported by an affidavit denying the grounds set out in the affidavit of attachment, the court may, when said motion is called for trial, in its discretion, allow the defendant to file an affidavit denying the allegations contained in such attachment affidavit.

2. SAME—Evidence. An affidavit setting forth the existence of the grounds of attachment in the language of the statute, unaccom-
37—Vol 13

panied by any facts showing them to be true, will support the writ; but when an affidavit is filed by the defendant, in which he positively denies the existence of the facts stated in the attachment affidavit, the burden is thereby cast upon the plaintiff to establish by a preponderance of the evidence the facts necessary to sustain the attachment; but, where a defendant, notwithstanding his affidavit denying the existence of any of the grounds of attachment, introduces his evidence without objection, before the plaintiff is required to introduce any evidence, he thereby waives any error on the part of the trial court is not dismissing the attachment for want of evidence on behalf of the plaintiff.

3. **SAME.** A citizen of this territory has a right, in good faith, to move all of his property to another state, and such removal of his property will not authorize the issuance and levying of a writ of attachment thereon. It is only where one is about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud his creditors, that an attachment on the ground of removal of property will lie.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before F. E. Gillette, Trial Judge.*

*Shartel, Keaton & Wells* and *J. A. Powers,* for plaintiff in error.

*Garrett & Garrett,* for defendants in error.

Opinion of the court by

BURWELL, J.: This is an action by N. B. Claunch and others against J. F. Dunn for debt. At the commencement of the action an attachment was sued out on the ground that the defendant was about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud his creditors, and levied on certain cattle of the defendant. The defendant filed a motion to dissolve the attachment, but failed to verify the facts set forth therein until the same was called for hearing, when the defendant asked leave to amend by properly verifying the facts, set forth in his motion denying the allegations of the affidavit of at-

tachment, which the court permitted over the objections of the plaintiff, and it is contended by them that this was error, and the defendant's motion ought not therefore to have been considered and even though error was subsequently committed, it cannot avail the defendant, because he had not placed himself in a position to be heard.    This contention is not tenable. The trial court, in its discretion, had the right to permit the amendment, and the amendment· having been made, both parties were bound by its legal effect, the same as though the affidavit had been originally attached.    After the amendment of the motion, the plaintiff introduced in evidence his affidavit in attachment, the attachment bond, and the order of attachment, and the sheriff's return, and then rested.    The defendant contends that he was at that time entitled to a judgment discharging the attachment.    Ordinarily the trial court should have found for the defendant, because the burden was upon the plaintiffs to establish the charge in their affidavit in attachment before the defendant should have been required to furnish any evidence tending to disprove it, other than the affidavit attached to the motion to dissolve.    Where the plaintiff files an affidavit alleging the grounds of attachment in the language of the statute, unaccompanied by any other facts or evidence showing them to be true, the attachment should be sustained unless the defendant files an affidavit denying positively the existence of the allegations of the attachment affidavit, in which event the burden is upon the attaching creditors to establish the grounds alleged, before the defendant can be called upon to introduce further affidavits or evidence. (*Wichita Wholesale Grocery Co. v. Recrods,* 40 Kans. 119, 19 Pac. 346; *Hilton v. Ross,* 9 Neb. 406, 2 N. W. 862; *Wil-*

*cox v. Smith,* 4 S. D. 125, 55 N. W. 1107; *Strauss v. Abraham,* 32 Fed. 3010; *Burruss v. Trant,* 88 Va. 980. 14 S. E. 845.) But the defendant is in no position to urge this point, as he, without objection, introduced his evidence, and thereby waived his legal right to have the attachment dismissed at that time.

We must therefore determine the rights of the parties from the evidence introduced upon the hearing. This evidence, which was introduced by the defendant, shows the following facts: Dunn was indebted to Mr. Claunch, J. C. Gilliland and M. H. Dodson, the plaintiffs in this case, on a note for $1,172 and interest, which was given in part payment of a bunch of cattle. Before the maturity of the note Dunn went to Mr. Gilliland and told him that Greer county was settling up, and he could not get pasture there for the seven or eight hundred head of cattle of which he was then possessed, and that he intended to look up a location in Texas. Subsequently he went to Texas, found a location, and returned to Greer county, and went to Mr. Gilliland and told him that he had found a location and intended to move his cattle to Texas, and that he could not pay the note until spring; and Gilliland then said he would fix that all right; which remark was equivalent to saying that the note would be extended until spring. The note became due, and Dunn, who at that time owed some $7,000, was unable to meet his obligations, but, pursuant to his previous arrangements, which were generally known to everybody, and especially to Gilliland, he began gathering his cattle to move them to Texas. Whereupon, the attachment was levied.

A careful reading of the record will disclose that there was not one word of evidence tending to show that he was go-

ing to Texas with his property for the purpose of defrauding his creditors; while in his testimony Dunn swears most positively that he was not leaving Oklahoma for that purpose, but because he could not get grass for his cattle in Greer county. His actions were open, and he repeatedly made his intentions known to Gilliland, who had tacitly, if not expressly consented thereto. Therefore this case presents the question: Does one who is in the act of removing his property from the territory to another state, but without any intent to defraud his creditors, fall within the terms of the statute? We think not; because the statute expressly limits an attachment to one who is not only about to remove his property from the territory, but such an one must, at the time, have the intent, by such act, to defraud his creditors. In the case of *Steele v. Dodd,* 14 Neb. 496, 16 N. W. 909, Chief Justice Lake said:

"The mere fact of a removal of property from the jurisdiction of a particular court, or from the state even, unless accompanied with an intent to defraud creditors, does not give the right of attachment under our law. The particular intent mentioned in the statute is essential to that right. Without such intent a debtor is at full liberty to change his place of abode and go with his effects withersoever he wills, with all the freedom from lawful molestation of one not in debt."

And an intent to defraud is never presumed, but he who alleges such intent must prove it; and while it may be proven by circumstances, still the mere act of removing property when done openly and above board, is not sufficient, in the absence of other suspicious circumstances, to justify a finding of such fraudulent intent. The defendant and his witnesses told a frank, open and apparently truthful story, and as the plain-

tiffs offered no evidence to refute it, they are bound thereby. Under the evidence, the attachment should have been discharged. The judgment of the trial court in sustaining it is reversed, and the cause remanded with direction to the trial court to grant a new trial on this issue. All. at cost of the appellee.

Gillette, J., who presided in the court below, not sitting; Burford, C. J., absent; all the other Justices concurring.