FIRST STATE BANK OF DURANT v. SMITH.

No. 3353.   Opinion Filed April 14, 1914.

Rehearing Denied September 8, 1914.

(140 Pac. 150.)

1.   ATTACHMENT—Grounds — Fraudulent Conveyance — Burden of Proof.  In order to sustain an attachment issued upon the ground that the defendant has disposed of his property with intent to defraud, hinder, or delay his creditors, the intent to defraud must be established by the person who alleges such intent.

2.   SAME—Preferring Creditor.  Such fraudulent intent will not be inferred from a finding of the trial court to the effect that the defendant disposed of his property for the purpose and with the intent to prefer one creditor over the others, and with the intent to delay the collection of plaintiff's claim until after the payment of the indebtedness due the preferred claimant.

3.   SAME.  In the absence of statutory provisions to the contrary, a debtor, though in failing circumstances, may prefer one or more of his creditors to the exclusion of the rest, and such preference is not in itself sufficient to sustain an attachment upon the ground that the defendant has disposed of his property with the intent to defraud, hinder, or· delay his creditors.

(Syllabus by the Court.)

*Error from District Court, Bryan County;
Summers Hardy, Judge.*

Action by the First State Bank of Durant against C. H. Hardin Smith.   Judgment for defendant, and plaintiff brings error.   Affirmed.

*Utterback, Hayes & MacDonald* and *Burwell, Crockett & Johnson,* for plaintiff in error.

*C. C. Hatchett,* for defendant in error.

KANE, J.   This was an action upon a promissory note, commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below.   Upon the commencement of the action the plaintiff caused a writ of attachment to be issued, which was levied upon certain real estate as the property

of the defendant. The ground of attachment, as stated in the affidavit, is "that said defendant has assigned, removed, or disposed of, or is about to dispose of, his property, or a part thereof, with the intent to defraud, hinder, or delay his creditors."

There was no controversy over the defendant's liability on the note sued upon; but issue was joined on the attachment feature of the case by a motion to dissolve the same, upon the grounds:

"(1) That the defendant denies that he has sold, or is about to sell, transfer, and dispose of, his property, or any part thereof, with the intent to hinder, delay, and defeat his creditors in the collection of their claims against him, and denies each and every ground for attachment alleged by the plaintiff, and every part thereof. (2) Defendant says that since the filing of his first motion to dissolve the attachment sued out herein that he has ascertained that the plaintiff has had attached herein certain lands formerly owned by this defendant in Marshall county, Okla.; the same being described as follows:  *  *  * That said property is not properly attached. Defendant says that on the 28th day of April, 1910, prior to the date of the levy of said attachment that he, by warranty deed, for a valuable consideration, conveyed the said real estate to Mrs. M. E. Stevens, of Cooke county, Tex., and that at the date of the levy of the attachment herein he had no interest in the said real estate, and therefore the same is not subject to attachment for the debts of this defendant."

After the parties had introduced all of their testimony and rested, the court made the following findings of fact and conclusions of law:

"In this case the execution of the note set out in plaintiff's petition is admitted, and there is no controversy as to the amount due on said note; at the beginning of this suit plaintiff filed an affidavit for an attachment against the property of defendant, Smith, upon the ground that said defendant had assigned, removed, or disposed of or was about to dispose of his property, or a part thereof, with the intent to defraud. hinder, and delay his creditors.

"The proof shows that defendant, C. H. Hardin Smith, was president of the Durant State Bank [Oklahoma State Bank?] of Durant, Okla., and that said bank was in a failing condition, and was in the hands of the State Bank Commissioner and that

defendant, Smith, was indebted to said bank in a sum in excess of $35,000; that he was also indebted to the plaintiff in the amount sued for in this case, and was under liability to other persons. The proof also shows: That at said time the defendant was wholly insolvent, and was unable to pay off and discharge all of his indebtedness. That he had made promises at various times to the plaintiff in this case to pay the amount due, but had failed to make said payments according to his promise, and that on the 28th day of April, 1910, he executed a conveyance, transferring to Mrs. M. E. Stevens, who bears the relationship to said defendant of aunt by marriage, conveying to said aunt all of the real estate owned by the defendant in Bryan and Marshall counties in the state of Oklahoma. That there was an agreed value between the defendant and his said aunt of said property at $10,000, which said defendant received, thereupon delivering the deed. The proof also shows that said aunt, in addition to the $10,000 paid for the transfer of said real estate, paid in at the Oklahoma State Bank or the said bank commissioner, to be applied on the liability of the defendant, [*sic*] the Oklahoma State Bank, and the sum of $25,000 in money.

"The court finds from the testimony the facts just stated, and finds, further, that said deed was executed with the purpose and intent on the part of the defendant, Smith, to prefer the indebtedness due the Oklahoma State Bank, and to procure a payment thereof prior in time and ahead of the plaintiff and other creditors, and with the intent to delay the collection of plaintiff's claim until after the payment of the indebtedness due the Oklahoma State Bank. The attachment in this case issued on the 29th day of April, which was one day after the execution of the deed by Smith to his aunt, and said deed was not placed of record until the 30th day of April, 1910, at 3 o'clock p. m., which was subsequent to the levying of the written attachment herein.

"The court finds, as a matter of law, that the levy of the attachment only reached such interest as the defendant, Smith, had at the time of the levy, and at that time Mrs. Stevens, the aunt of said defendant, had purchased said property, paying for same by cash at the agreed price; and there is no evidence tending to show that the price agreed upon was any more or less than the actual value of said property. It is the judgment of said court that the levy of the attachment should be dissolved and judgment should be rendered in favor of the plaintiff for the amount sued for.

"There is no proof in the record of any other indebtedness except the claim of the plaintiff in this case, and that shown to be due the Oklahoma State Bank, and the court in his finding intended to find that the defendant, Smith, had sold his property for the purpose of delaying the collection of plaintiff's claim, and until after the Oklahoma State Bank had collected its indebtedness."

Whereupon this proceeding in error was commenced to review the action of the trial court in dissolving the attachment.

The contentions of counsel for plaintiff in error are to the effect (1) that, the ground for attachment set forth in the affidavit being sustained by the evidence and by the findings of the court, therefore it was error for the court to hold that the defendant could set up as a ground for discharging the attachment that the real estate upon which the order of attachment was levied was not his, but belonged to a third person; (2) that the trial court erred in holding that the deed executed by the defendant, which was recorded on the 30th day of April, 1910, took precedence and priority over the attachment, which was levied on the 29th day of April, 1910, or one day prior to the recording of the deed.

We cannot concede the premise of counsel that the ground of attachment set forth in the affidavit was sustained by the evidence and the findings of the court. As we view the evidence and the findings of the court, the only inference that reasonably may be drawn from them is that the defendant made a transfer of his property with intent to prefer the Oklahoma State Bank, of which he was or had been president, and to whom he owed a large sum of money, over his other creditors. It is not a fraudulent transfer justifying attachment for a debtor to prefer a creditor, whether this is done by way of absolute conveyance of property in liquidation of debt, by confessing a judgment in the creditor's favor, or by way of mortgage to secure payment; but the transfer will be fraudulent if the debtor intends to secure benefits to himself thereby. 4 Cyc. 424.

In the case of *Dunn v. Claunch et al.*, 13 Okla. 577, 76 Pac. 143, Mr. Justice Burwell, in discussing what constitutes fraud under the fifth subdivision of section 5701, Comp. Laws 1909

(section 4812, Rev. Laws 1910), which provides for an attachment where the debtor "is about to remove his property, or a part thereof, out of the jurisdiction of the court, with intent to defraud his creditors," quotes approvingly from a Nebraska case (*Steele v. Dodd,* 14 Neb. 496, 16 N. W. 909) as follows:

"The mere fact of a removal of property from the jurisdiction of a particular court, or from the state even, unless accompanied with an intent to defraud creditors, does not give the right of attachment under our law. The particular intent mentioned in the statute is essential to that right. Without such intent a debtor is at full liberty to change his place of abode and go with his effects whithersoever he wills, with all the freedom from lawful molestation of one not in debt."

And the learned justice, upon the same question, further says:

"And an intent to defraud is never presumed, but he who alleges such intent must prove it; and, while it may be proven by circumstance, still the mere act of removing property, when done openly and above board, is not sufficient, in the absence of other suspicious circumstances, to justify a finding of such fraudulent intent."

In the case of *Kemper, etc., Co. v. Fischel,* 4 Okla. 250, 44 Pac. 205, it was held that an offer by a debtor to make an assignment for the benefit of his creditors is no evidence of fraud, and constitutes no ground for attachment. Other cases to the same effect are: *Winfield National Bank v. Croco,* 46 Kan. 629, 26 Pac. 942; *Tootle, Hosea & Co. v. Coldwell,* 30 Kan. 125, 1 Pac. 329; *Abernathy Fur. Co. v. Armstrong,* 46 Kan. 270, 26 Pac. 693; *De Wolf & Son v. Armstrong,* 46 Kan. 523, 26 Pac. 1038; *Campbell v. Warner,* 22 Kan. 604.

As we are fully convinced that the evidence does not tend to show, and that the trial court did not find, any intent on the part of the defendant to defraud his creditors, but merely an intent to prefer one of them over the others in the order of payment, the other questions presented become immaterial.

The judgment of the court below is affirmed.

All the Justices concur.