**HALL v. PLANTERS STATE BANK et al.**

No. 15370—Opinion Filed Sept. 15, 1925.

Rehearing Denied Nov. 24, 1925.

**1. Fraudulent Conveyances—Debtor and Creditor—When Preference Permitted.**

Under section 6025, C. O. S. 1921, preferences are permitted when made in good faith, untainted by fraud. A preference made by the assignment of a valid allowed insurance claim, not in excess of the present indebtedness, may be treated as a payment and is valid.

**2. Same—Fraud—Assignment to Creditor of Fund in Excess of Debt.**

A transaction which has as its purpose not only the payment of the creditor, but the object and design of defrauding other creditors by permitting a debtor to receive or retain a balance in the amount of approximately $900, thereby defrauding other creditors, may be deemed fraudulent and void, and will be set aside for the benefit of all creditors. Evidence examined, and held, that same sustains the finding of the court that certain assignment was fraudulent.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Atoka County: J. H. Linebaugh, Judge.

Action by the Planters State Bank of Tushka and others against T. T. Hall et al. From the judgment, Hall brings error. Affirmed.

Gordon Fryer, for plaintiff in error.

J. H. Gernert, for defendants in error Planters State Bank and Atoka Milling Company.

J. G. Ralls, for defendant in error Griffin Grocery Company.

Cook & Cook, for defendants in error W. T. Finch, T. F. Finch et al.

Utterback & Stinson, for defendants in error Rock Island Implement Company and Hale-Halsell Company.

Ernest W. Thomas, for defendant in error Cochran Grocery Company.

Ames, Lowe & Richardson, for defendants in error Liverpool & London & Globe Insurance Company and Atlas Insurance Company, garnishees.

Opinion by LYONS, C. Finch was the owner of a stock of merchandise covered by insurance. The stock was destroyed by fire. His claim for insurance, based on a policy issued by the Liverpool & London & Globe Insurance Company, had been allowed

by the company in the sum of $1,717.67, but the claim had not yet been paid. Finch made an assignment to Hall, plaintiff in error, of the entire amount. The consideration for this sale of what amounted to cash was the cancellation of an indebtedness owed to Hall in the sum of $360, the payment by Hall to the Rock Island Implement Company of $500, and the delivery of certain personal property, consisting of an automobile truck, etc., by Hall to Finch. Before payment was made, various creditors of Finch brought suit and garnishment proceedings against the insurance company. The trial court found that the assignment of this allowed claim, which practically amounted to cash, was, under the circumstances, fraudulent and void, and rendered judgment permitting the creditors to participate therein. Hall was also permitted to participate in this fund. The court held that the transfer or assignment of this claim, which practically amounted to cash, was fraudulent and was not made as a valid payment of indebtedness of preference as a creditor. If the transfer had covered only the payment of Hall's pre-existing debt in the sum of $360 and payment of the Rock Island indebtedness in the sum of $500, it would undoubtedly have been good although it preferred said creditors. See sections 6018 and 6025, Compiled Oklahoma Statutes 1921, which are as follows:

Sec. 6018—"In the absence of fraud, every contract of a debtor is valid against all his creditors, existing or subsequent, who have not acquired a lien on the property affected by such contract."

Sec. 6025—"Any person in this state indebted to other persons shall have the right to prefer one or more of such creditors in good faith to secure a valid debt, which preference may be manifested by payment by mortgage, either real or chattel, or by the transfer of personal property or real estate, and if received by the creditor in good faith, such conveyance or mortgage shall be valid in the hands of the mortgagee and constitute a preference to the extent thereof, subject to the laws relating to the filing and recording of mortgages."

See, also, the following authorities: First State Bank of Durant v. Smith, 43 Okla. 320, 140 Pac. 150; Kentucky Bank & Trust Co. v. Pritchett, 44 Okla. 87, 143 Pac. 338; El Reno Foundry & Machine Co. v. Western Ice Co., 54 Okla. 116, 153 Pac. 1107.

The court found, however, that the transaction had as its purpose not only the payment of these two creditors, but had also the object and design of defrauding the oth-

er creditors by permitting the debtor to receive or retain the balance in the sum of approximately $900; therefore, the transaction was fraudulent and void and the action of the court in holding the insurance claim was a fraud which should be participated in by all creditors, including Hall, the plaintiff in error, was correct and the judgment of the court must be affirmed.

The plaintiff in error, Hall, complains of the action of the trial court as to the foregoing fund, but complains also of the action of the trial court in allowing the Hale-Halsell Company to retain an assignment of a claim held by Finch against the Atlas Assurance Company in the sum of $443.54. There is serious doubt under the record as to whether the plaintiff in error can raise this question. However, this assignment was made for the payment of a valid pre-existing debt and was taken by the Hale-Halsell Company without any knowledge that Finch was insolvent, if he was insolvent. It is also clear from the facts that the Hale-Halsell Company did not participate in any fraudulent intent, provided Finch had any fraudulent intent, in paying its indebtedness by the assignment of the Atlas claim, and therefore its assignment was valid. This court has held:

"In order to set aside a deed as fraudulent as to creditors, which has been made to pay an honest debt, the grantee must know of and participate in the fraudulent intent." Oklahoma National Bank v. Cobb, 52 Okla. 654, 153 Pac. 134; Chandler v. Colcord, 1 Okla. 260, 32 Pac. 330.

The judgment of the trial court setting aside the assignment to Hall on the ground that the same was fraudulent is not against the great weight of evidence and must be sustained.

The judgment of the trial court sustaining the assignment to Hale-Halsell Company in the sum of $443.54 as a payment of a valid pre-existing debt made without any fraud on the part of the creditor and without knowledge of insolvency, is not against the great weight of the evidence, and must be sustained.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. pp. 617, §365, 624, §374, 629, §388. (2) 27 C. J., pp. 631, 632, §388.