Mr. Ch. J. Murray
delivered the opinion of the Court.
Mr. J. Heydeneeldt concurred.
This appeal is prosecuted from an order of the Court below, refusing to apply a certain amount of money in the hands of the Sheriff, collected on an execution, in favor of Rose v. Munie, to the payment of a mechanics’ lien.
By the record, it appears that Munie, for .the [174] purpose of * erecting a theater, mortgaged his leasehold interest in a certain lot in San Francisco, as well as the building to be erected thereon, to the respondent Rose, who afterwards foreclosed said mortgage, and caused the premises to be sold, to satisfy his debt. Prow, who now seeks to recover a portion of the money arising from said sale, was employed by Munie, in painting the scenery and ornamental parts of the- building. The record shows that he commenced work after the date of the execution of the mortgage from Munie to Rose, but prior to the recording of it.
It also appears that some time after he had commenced work said mortgage was recorded, and that he was acquainted with the fact.
*175 It is now contended that, under the provisions of the Mechanics’ Lien Law, inasmuch as the mortgage to Bose was not recorded until after the time when Prow commenced his labor on said building, that the mortgagee is postponed, and must take, subject to Prow’s lien.
Upon a careful examination of our statute on the subject of records, it will be observed that there is no obligation resting on the mortgagee to have his mortgage recorded, and that the same would only be void, as against subsequent purchasers or mortgagees loithout notice. Not only is the Mechanics’ Lien Law defective, but also the Beeording Act itself, and it may be safely said, that no provision is made for recording a numerous class of liens.
In the absence of any positive enactments, we are compelled to fall back upon the common law, by the provisions of which a registry was not only unnecessary, but did not impart notice, and the deed or mortgage was good against the whole world, the law having imposed upon every one the burden of ascertaining all outstanding titles or incumbrances against the estate.
Prom this it follows, that the mortgagee in this case, not being compelled, under our statute, to record his mortgage, as against any but subsequent purchasers or mortgagees, the mechanic, Prow, was upon notice, and it became his duty to ascertain the situation of the premises for his own protection.
* There may be some apparent hardship in the [175] rule, but not more, it is apprehended, than would grow out of a different construction of the Act.
It is useless for us to adduce any argument in support of the proposition that a mortgage of land carries with it all buildings which are or may be attached to the freehold, and that the rights of the mortgagee cannot be defeated by mechanics’ liens, or other incumbrances created without his consent.
Judgment affirmed with costs.