ESTATE OF MARY A. DE NOON, DECEASED.

[No. 14,380; decided April 12, 1894.]

**Residence.**—The Statement by a Testator in His Will that he is a resident of a certain place may, under some circumstances, be conclusive on that question.

**Probate of Will—Residence of Testatrix.**—Where a testatrix and her husband had their home in Sierra county, and after his death there she occupied the home a part of each year and during the remainder of the year lived in San Francisco, where she conducted a lodging-house, and she repeatedly stated that when she had sold her Sierra home she would make her residence elsewhere, but she never consummated this inchoate intention, and stated in her will that she resided in Sierra county, it was held that she remained a resident of Sierra county, and hence the superior court in San Francisco had no jurisdiction of her estate.

Gunnison, Booth & Bartnett, for the petitioning executor.

J. F. Cowdery, for the coexecutor, opposed.

COFFEY, J.   Section 1294 of the Code of Civil Procedure provides:

"Wills must be proved and letters testamentary or of administration granted—

"(1.) In the county of which the decedent was a resident at the time of his death, in whatever place he may have died."

Section 52 of the Political Code provides, among other things, the following rules for determining the residence:

"(1.) It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose.

"(2.) There can be only one residence.

"(3.) A residence cannot be lost until another is gained.
. . . .

"(7.) The residence can be changed only by the union of act and intent."

Section 1239 of the Political Code sets forth the following rules, among others, for determining the residence for the purpose of voting:

"(1.) That place must be considered and held to be the residence of a person in which his habitation is fixed, and to which, whenever he is absent, he has the intention of returning. . . . .

"(8.) The place where a man's family resides must be held to be his residence; but if it be a place for temporary establishment for his family, or for transient objects, it is otherwise.

"(9.) If a man have a family fixed in one place, and he does business in another, the former must be considered his place of residence; but any man having a family, and who has taken up his abode with the intention of remaining, and whose family does not so reside with him, must be regarded as a resident where he has so taken up his abode.

"(10.) The mere intention to acquire a new residence without the fact of removal avails nothing; neither does the fact of removal without the intention."

Residence depends upon intention as well as fact: See People v. Peralta, 4 Cal. 175.

A person's residence in a place is presumptive evidence of domicile: Johnson v. Merchandise, 2 Paine, 601, Fed. Cas. No. 747; Ryal v. Kennedy, 40 N. Y. Sup. Ct. (8 Jones & S.) 347.

The residence which goes to constitute a domicile need not be long in point of time.

"If the intention of permanently residing in a place exists, a residence in pursuance of that intention, however short, will establish a domicile": 5 Am. & Eng. Ency. of Law, p. 863; Jacob on Domicile, sec. 137.

"On questions of domicile, a party's declarations in authentic acts, though admissible against him, are not conclusive, but may be disproved when not causes of the contract": Davis v. Binion, 5 La. Ann. 248.

The word "residence" being commonly employed in the sense of sojourn, a recital in a will that the testator is re-

siding at a place named is not controlling on the question of domicile: Tucker v. Field, 5 Redf. (N. Y.) 139.

Jacob on Domicile, section 150, says: "The intention requisite for a change of domicile is: (1.) Intention completely to abandon the former place of abode as a place of abode; and (2.) To settle presently and permanently in another place."

"The former place of abode must be abandoned only as a place of abode. Therefore occasional returns, or an intention to return for temporary purposes of business or pleasure, to remove one's family, or the like, will not prevent a change of domicile. The mere retention of landed estate at the former place of abode is certainly not inconsistent with abandonment; but whether the retention of a place of residence— a furnished house or the like, in which the person may and probably does intend to reside occasionally—is or is not consistent with abandonment, has been the subject of some difference of opinion": Jacob on Domicile, sec. 160.

In Richard v. Kimball, 5 Rob. (La.) 142, the defendant, as ship owner, in an affidavit made for the purpose of procuring an enrollment of his vessel, describes himself as having his "usual place of abode or residence in New Orleans." In a suit brought against him as owner of said vessel, witnesses testified to his residence in Nachitoches Parish. It was contended on behalf of plaintiff that in all matters relating to the vessel his description in the affidavit was conclusive, but the court held that it was not and that his domicile was in Nachitoches Parish.

Jacob on Law of Domicile, in section 463, says that the recital of a place of residence in a deed or a will is not conclusive. Speaking of such recitals, he says: "They are frequently made in both deeds and wills without any special importance being attached to them; and sometimes are introduced by scriveners without the attention of the grantor or testator being particularly called to them. Great caution should therefore be used against giving them too great weight, or attaching to them a meaning which was not intended.

"Said Surrogate Bradford in a learned opinion in Isham v. Gibbons: The declarations of the deceased in his will and in the deed of manumission furnish the only evidence point-

ing to the acquisition of a new domicile. In a nicely balanced case they might be decisive; but great caution should be used in not giving them too great weight, or attaching to them a meaning not designated by the testator. The truth is, after all, that such written declarations, even of the most solemn character, are but facts to enable the court to discover the intention of the party. It is in this light alone that they are to be received and weighed. At the best, the animus of the party is only to be inferred from them. In this respect they are like any other facts. Declarations of any kind are not controlling, but may be, and frequently are, overcome by other and more reliable indications of the true intention": See Whicker v. Hume, 7 H. L. Cas. 124; Jopp v. Wood, 4 De Gex, J. & S. 616; In re Steer, 3 Hurl. & N. 594; Attorney General v. Kent, 1 Hurl. & C. 12.

In the case of Steer, cited above, the will of the testator contained the following declaration: "Whereas, although I am now in England, my residence recently was in Hamburg, of which, for the purpose of enabling me to trade, I was constituted a burgher, and my intention is to return there; but I do not mean by such declaration of intention to renounce my domicile or origin as an Englishman."

The court held that the deceased was domiciled in Hamburg and not in England, notwithstanding this declaration in his will.

In Forbes v. Forbes, Kay, 341, Vice-Chancellor Woods was inclined to the opinion that the retention of a residence in the place of former domicile was not inconsistent with the abandonment of a resumed domicile in favor of a third place.

That "residence in a place and engaging in business there have generally been considered as evidence of animus manendi": Jacob on Domicile, sec. 410; Story on Conflict of Laws, sec. 47; Estate of Green, 1 Cof. Pro. Dec. 445.

It is not necessary to declare in a will that the testator (or other person) is a resident of any place; but if a testator states in his will that a fact exists, and, in the nature of things, if that fact may exist, and if the circumstances that combine to create that fact depend upon the option of

the testator, then such declaration ought to be conclusive that the fact is as stated.

Section 1850 of the Code of Civil Procedure is not in words as broad as the foregoing, but in spirit is on all-fours with it. It says that when the declaration forms part of a transaction, which transaction is itself the fact in dispute, such declaration is evidence of the transaction.

In the case at bar the declaration of the testator ought to be conclusive, because residence always depends upon intention: Pol. Code, sec. 52.

Of course, if the facts point to a conclusion different from the admitted intention, then the facts govern in all cases—that is to say, if a man should bona fide, through ignorance of the law, intend to reside in Sierra county (never having been there), his acts would govern his intention and he would be by the law domiciled in his true locus. But this is not the case. "The residence of the husband is the residence of the wife": Pol. Code, sec. 52, subd. 5. "A residence cannot be lost until another is gained": Pol. Code, sec. 52, subd. 3. "A thing once proved to exist continues as long as is usual with things of that nature": Code Civ. Proc., sec. 1963, subd. 32.

The facts in the contest in which the above-cited axioms are applicable are as follows: The residence and actual home of Mrs. De Noon was with her husband, at Gibsonville, Sierra county. He died a resident of that county. She died in San Francisco, where she conducted a lodging-house. She owned and occupied her husband's furnished dwelling-house, and other property at Gibsonville, every summer, and returned to San Francisco in the winter. She refused to rent her Gibsonville residence, always leaving it in charge of a man in the winter.

It may be said, generally, that all the witnesses agree that Mrs. De Noon repeatedly said that when she had sold her Gibsonville property she would make her residence somewhere else. In brief, she appears to have repeatedly given expression to her future intentions (if this expressive solecism may be permitted).

If Mrs. De Noon gained a residence in San Francisco then she abandoned her Gibsonville residence. If she had stated

in her will that she was a resident of San Francisco when she signed it, from that moment she would have been a resident of San Francisco, because having the right (under the facts) of choice, she then made it; but when she stated that she resided in Sierra county, she signified that she had not abandoned that residence.

Her inchoate intention to change her residence was never consummated; on the contrary, her testamentary declaration indicates her abandonment of the incipient intention. That declaration was the final intent coupled with the final act, which determines the jurisdiction of this court.

Application denied.