## JACOBSON et al. v. KILL.

No. 12416—Opinion Filed Dec. 11, 1923.

**1. Domicile—How Established.**

To establish a residence in a state, it is not necessary that one be required to live or reside therein for any specified length of time; but such residence is established by actual presence in such state, coupled with the bona fide intention to remain there permanently or indefinitely.

**2. Attachment — Grounds — Removal of Property from Jurisdiction.**

In order to sustain an attachment on the ground that the defendant is removing or is about to remove his property out of the jurisdiction of the court, the plaintiff must prove that the same is being done by the defendant with the intention to defraud his creditors. A citizen has a right, in good faith, to remove his property to another state, and under such circumstances a removal of his property would not authorize an attachment.

**3. Appeal and Error—Sufficiency of Evidence.**

Where a case is tried by the court, without the intervention of a jury, upon controverted questions of fact and there is evidence reasonably tending to support the findings and judgment of the trial court, the same will not be disturbed on appeal.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by P. L. Jacobson and Frank G. Gresham against Ernest L. Kill. Judgment for defendant, discharging attachment and plaintiffs bring error. Affirmed.

J. C. Helms and Embry, Johnson & Kidd, for plaintiffs in error.

W. L. McCann, Wilkinson & Bell, and J. F. Cody, for defendant in error.

Opinion by JARMAN, C. The plaintiffs filed suit in the district court of Oklahoma county, against the defendant for judgment on a certain note and sued out an attachment which was levied upon a certain Hudson automobile belonging to the defendant. The defendant filed a motion to discharge said attachment for the reason that no grounds for an attachment existed and that the grounds for attachment set out in the attachment affidavit are untrue. The motion to discharge said attachment came on regularly for hearing before the court, without a jury, and the court rendered judgment discharging and dissolving said attachment, from which judgment the plaintiffs bring error.

The affidavit for attachment contains five grounds as follows:

"1. That the defendant is a nonresident of the state of Oklahoma.

"2. That the defendant is about to remove property or a part of it out of the jurisdiction of the court with the intention to defraud his creditors.

"3. That the defendant is about to convert the property or a part thereof into money for the purpose of placing it beyond the reach of creditors.

"4. That the defendant has property rights in action which he conceals.

"5. That the defendant has removed or disposed of, or is about to dispose of property, or a part thereof, with the intention to defraud, hinder and delay creditors."

The plaintiffs contend that the judgment of the court in discharging said attachment is not sustained by the evidence, and argue each of the five grounds of attachment, above set out, in connection with the evidence in the case in discussing said assignment of error.

The record discloses that the plaintiffs were residents of and maintained offices in Oklahoma City and were interested in the Terminal Elevator Company; that at the instance of a representative of the plaintiffs, the defendant came to Oklahoma City in November, 1920, for the purpose of negotiating with the plaintiffs to sell stock for them in said Terminal Elevator Company. The defendant was an experienced salesman in this kind and character of business and after negotiating with the plaintiffs, the defendant entered into a contract with the plaintiffs whereby he was to sell stock in said company on a commission basis. After engaging in this work for some time, the defendant, being in need of funds, procured a loan of $600 from the Farmers' National Bank of Oklahoma City by executing a note to said bank with the plaintiffs as sureties. Said note became due and the defendant was unable to pay the same, and the plaintiffs, as sureties, paid off the note at the bank, and thereafter made demand on the defendant to be reimbursed for the amount so paid, and upon the defendant's failing to pay the plaintiffs, this action was begun.

When this loan was procured from the bank, the defendant placed with the plaintiffs, to indemnify them against any loss in connection with said loan, certain stock certificates in the Lyon Bonding & Surety Company of Omaha, Neb. After the note became due at the bank, the defendant told the plaintiffs that he desired to get these stock certificates and send them back to Omaha so they could be surrendered and new certificates issued as the company was being reorganized, and stated that when the new certificates were received by the defendant he would deliver the same to the plaintiffs. Said certificates were surrendered to the defendant who sent the same to Omaha but never received any new certificates in lieu thereof. The defendant owned a certain Hudson automobile and on different occasions made an offer to sell the same and discussed the matter of selling said automobile with the plaintiffs on different occasions after the note at the bank matured.

On the first ground for attachment, the defendant was the only witness to testify. He testified that he had been considering coming to Oklahoma and making it his home for some time prior to the occasion when a representative of the plaintiffs suggested that he negotiate with the plaintiffs to sell some stock for them in

the Terminal Elevator Company; that he came to Oklahoma City with the intention and for the purpose of making it his home, and that he had established a residence in Oklahoma City. The defendant further testified that he had two daughters who were attending school in New York, and it further developed in the testimony that the defendant had voted in Nebraska in 1919. It is urged by the plaintiffs that these facts, in connection with other circumstances in the case, show clearly that the defendant is a nonresident of Oklahoma, although it is not suggested what state he is a resident of. The fact that he voted in Nebraska would not prevent him from becoming a resident in 1920 of Oklahoma, and neither would the fact that he had children attending school in New York prevent him from becoming a citizen of Oklahoma. It is not an uncommon thing for parents to have children who attend school in other states than that of their parents. The question of one's residence is largely a matter of intention. 34 Cyc., p. 1647.

"* * * But residence is acquired by actual presence in the state coupled with the intention to remain there permanently or for an indefinite period." 4 Cyc., p. 435.

"Whether a man has changed his residence from one state to another, so as to have become a citizen of the latter, must depend very largely upon his intention. The general rule is that domicile is changed from one place to another, or one state to another, only by the abandonment by the person of his first place of domicile with the intention to not return, and by taking up his residence in another place with the intention of permanently residing in that place." 9 R. C. L., p. 542.

The finding and judgment of the trial court that the defendant was a resident of Oklahoma is sustained and supported by the evidence.

On the second ground of attachment, it is contended that by the defendant's sending the certificates of stock in the Lyon Bonding & Surety Company to Omaha and not delivering to the plaintiffs certificates of new stock in said company in lieu of the old stock, it was sufficient to support the allegation that the defendant was about to remove property out of the jurisdiction of the court with the intention to defraud his creditors. The evidence discloses that the defendant explained to the plaintiffs his reason for sending the stock certificates out of the state and there is nothing to indicate that this was done with a fraudulent intent, which is necessary to support this ground of attachment. On the contrary, the evidence shows that the Lyon Bonding & Surety Company had ceased business and that its stock was worthless. Under such circumstances, the plaintiffs could not have been defrauded by the sending of said stock certificates out of the state. A citizen has a right, in good faith, to remove his property to another state and under such circumstances a removal of his property would not authorize an attachment. Dunn v. Claunch et al., 13 Okla. 578, 76 Pac. 143. The intention to defraud must be established by the plaintiffs, who allege such intention. Bank v. Smith, 43 Okla. 320, 140 Pac. 150. The findings and judgment of the court, as to this ground of attachment, are fully sustained by the evidence.

As to the third ground of attachment, the plaintiffs contend that the fact that the defendant had been making attempts to sell his automobile, and that he had refused to execute a mortgage on said automobile to secure the plaintiffs, was sufficient to establish the allegation that the defendant was about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of creditors. The evidence shows that the defendant never attempted to secretly sell said automobile and never attempted to conceal that fact from the plaintiffs, but on the other hand, he, at different times, discussed with and told the plaintiffs that he was attempting to sell his automobile and the trial court was justified, under the evidence, in rendering the judgment for the defendant on this ground of attachment.

On the fourth ground of attachment, the plaintiffs contend that the testimony of Mr. Gresham, one of the plaintiffs, to the effect that the defendant told him that he had a $3,000 equity in Omaha, and that the defendant refused to assign it to the plaintiffs to secure said note, is sufficient to support the allegation that the defendant has property rights in action which he conceals. The defendant denied that such statement was made, and we cannot say from the record that the judgment of the trial court on this ground of attachment is not sustained by the evidence.

As to the fifth ground of attachment, no argument is presented and no citations of authorities made, and counsel contend that this ground has been fully covered by the testimony in support of the other grounds of attachment.

The trial court had an opportunity to observe the witnesses on the witness stand as to their candor and frankness, which

placed it in a better position to properly weigh the evidence than an appellate court, and considering this in connection with the evidence as disclosed by the record, we are unable to say that the judgment of the trial court is not supported by the evidence, but, on the contrary, it appears that said judgment is in keeping with the weight of the evidence, and under the rule so often announced by this court, that where there is any evidence reasonably tending to support the judgment of the trial court in such case, the same will not be disturbed, we would not be justified in vacating said verdict.

The judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.