BURKE COUNTY, a Municipal Corporation, Plaintiff, v. CLAUDE OAKLAND et al., Defendants.

and

BURKE COUNTY, a Municipal Corporation, Claude Oakland et al., Overseers of the Poor, Cleary Township, Burke County, North Dakota, and Carl Nyquist, Respondents, v. THOMAS PARE et al., as Overseers of the Poor of Thorson Township, Burke County, North Dakota, Appellants.

(217 N. W. 643.)

**Legal residence — once acquired not lost till new residence is acquired.**

Under subdivision 6 of § 2501 a residence once legally acquired continues until it is lost, by acquiring a new one, or by voluntary absence from the county in which such residence is established for a period of one year; and where a person has lived continuously for five years on his homestead, and thereafter rents the land, stopping there occasionally, building an addition to his house. digging stones on the land, going to the land and looking after his share of the crop at threshing time, and there being no evidence that he was absent from the county for one year, or that he established a new residence elsewhere, his legal residence on his homestead is not lost.

Opinion filed December 12, 1927.   On rehearing January 31, 1928.

Paupers, 30 Cyc. p. 1108 n. 13; p. 1111 n. 56.

Appeal from the District Court of Burke County, *Moellring,* J. Affirmed.

*L. J. Palda, Jr., C. E. Brace, Robert W. Palda,* for appellants.
*Sinkler & Brekke,* for respondent Cleary township.
*B. L. Wilson,* for Burke county.

BURKE, J.   This action was brought under § 2500, Comp. Laws 1913, to determine the legal residence of an indigent person.   The trial court found, as a fact, that his legal residence was in Thorson town-

Note.—As to right to retain former domicil until new one acquired, see annotation in 40 L.R.A.(N.S.) 986; 9 R. C. L. 553; 2 R. C. L. Supp. 833; 4 R. C. L. Supp. 613; 6 R. C. L. Supp. 566; 7 R. C. L. Supp. 302.

ship, Burke county, and judgment was entered on the finding of fact and conclusion of law, and Thorson township appeals.

We have carefully read the testimony and it appears therefrom, that Carl Nyquist came to Burke county when he was fifteen years of age, he lived with his brother in Cleary township for one year, and then found work elsewhere, working as he says, "here and there," wherever he could find it. When he was twenty-one years of age he filed on a homestead upon which he lived for full five years, then made final proof and acquired title to the land. He rented the land to Emil Grubb for three years, and at the time of the expiration of the three years lease he rented it to Grubb for one year. He had a house of two rooms on the land, and in 1920 while Grubb was occupying the land, Nyquist built an addition to the house adding two more rooms. After acquiring title he placed a mortgage on the land which was fore-closed in 1923.

After renting the land to Grubb he took his stallion and Ford car, and traveled over the county staying wherever night overtook him, and putting up at the last place he visited on Saturday night and staying until Monday morning. When not traveling with the horse he left the horse at his brother's place in Cleary township, paying for its keep.

In the spring of 1923, he spent a week on the farm in Thorson township digging stones. He said that year would terminate the lease and he intended to go back and farm the land in the spring of 1924.

After leaving the farm in 1923, he went to Leaf Mountain township worked until harvest time, then returned and worked in Thorson township during the harvest, going back to Leaf Mountain township for the threshing season. One year he voted in Leaf Mountain township and never voted anywhere else in the county, except, in Thorson township. After the threshing in 1923, he worked for Carl Trulien in Leaf Mountain township digging potatoes and seeding rye, and while there, he was taken sick and taken to the hospital at Powers Lake. They took him from there to his brother's in Cleary township, and two days later took him back to Powers Lake, and he has been con-tinuously sick and a public charge ever since.

Emil Grubb testified in effect that he came back to the place frequent-ly in 1919 and 1920, that he often went through there when traveling

his horse; would stop and stay overnight; that in 1920, he built an addition to the house of two rooms, and in the spring of 1923 he was there for a week digging stones upon the land. The testimony of Nyquist is corroborated in the main by Grubb, and it is clear from this testimony that the defendant lived continuously for five years upon his homestead, thus acquiring a legal residence in Thorson township. The evidence of his frequent visits, his building an addition to the house in 1920, and his digging stones on the land as late as the spring of 1923, all indicates that he had not abandoned his home and had not acquired a residence anywhere else.

Subdivision 6 of § 2501 reads as follows:

"Each residence when once legally acquired shall continue until it is lost or defeated by acquiring a new one in this state, or by voluntary absence from the county in which such residence had obtained for one year or more; and upon acquiring a new residence, or upon the happening of such voluntary absence, all former residence shall be defeated and lost, and the provisions of this section shall apply to cases of residence begun to be acquired or lost or defeated, as well heretofore as hereafter."

Having acquired a legal residence in Thorson township and there being no evidence that he subsequently acquired one elsewhere, the judgment of the trial court must be and is affirmed.

BIRDZELL, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.

## On Rehearing.

BURKE, J. On rehearing the appellant strenuously insists that the record shows that Carl Nyquist became a resident of Oakleaf township. The record shows that Nyquist worked in Oakleaf township during the farming season of 1922, that he voted in Oakleaf township that fall, and he testified that he was not a resident of Oakleaf township at the time, that he was only working there, that he voted there that fall, because he happened to be there at that time, and prior to that time he had always voted in Thorson township. He went back in the fall of 1922, from Oakleaf township to Thorson township, and

stayed in Thorson township at Johnson's until he got sick, when he went to Powers Lake. When he recovered he went to his brother's place in Cleary township, and stayed about a week. He then visited around until the spring of 1923, when he went to his farm in Thorson township where he worked a week digging stone. He then started out with his horse, and in haying time in July he worked in Oakleaf township going back to Thorson township for the harvest, and after the harvest he went back to Oakleaf township and worked for Carl Trulien digging potatoes and seeding rye. While at Trulien's place on October 15, 1923, he took sick, and was taken to the hospital at Powers Lake. He was taken from there to his brother's place on Saturday and back to the hospital at Powers Lake on Monday, and has been sick ever since. The only evidence of a residence in Oakleaf township is that which shows that he worked there during the season of 1922, voted there that fall, and worked there during haying season of 1923, and later digging potatoes and seeding rye, but he testified positively, that he never established a residence anywhere, except, on his homestead, and the evidence of his going there to work in digging stones in preparation of the land for 1924, when he expected to farm the land himself, and was prevented by sickness in the fall of 1923; the evidence of the tenant, Emil Grubb, that Nyquist built a two-room addition to the house in 1920, the evidence that he always voted in Thorson township, except that one fall when he was working in Oakleaf township, disproves any intention to establish a home in Oakleaf township.

Under subdivision 6 of § 2501, Comp. Laws 1913, residence "may be lost by acquiring a new one in the state, or by voluntary absence from the county in which such residence had obtained for a period of one year."

Nyquist did not leave the county. He was in the county all the time, either in Thorson township, Cleary township, Oakleaf township or Powers Lake. The law fixes a period when absence from the county, loses or defeats residence therein, but does not fix any period of absence from the township, but it does provide that a residence once legally acquired shall continue until it is lost, or defeated by acquiring a new one in the state. This law is in harmony with § 14, Comp. Laws 1913, which provides, that every person has in law a residence, a place where one remains when not called elsewhere for labor or other

special or temporary purpose, and to which, he returns in seasons of repose. There can be only one residence and it cannot be lost until another is gained, and it can be changed, only by the union of act and intent. The statute itself says, when the residence is changed. It is changed under subdivision 7 of § 14, Comp. Laws 1913, by the union of act and intent. That is, the moving from one place of residence to another place with the intent to abandon the old residence and establish a residence at the new place, is in law a change of residence which may be accomplished in one day between townships.

Under the same statute the California court has said: "To acquire a new residence without fact of removal, avails nothing, neither does fact of removal, without intention to change residence." People v. Peralta, 4 Cal. 175; Huston v. Anderson, 145 Cal. 320, 78 Pac. 626; Barhydt v. Cross, 156 Iowa, 271, 40 L.R.A.(N.S.) 986, 136 N. W. 525, Ann. Cas. 1915C, 792. The evidence in the case at bar shows an intention on the part of Nyquist to retain his residence in Thorson township, and there is no union of act and intent showing otherwise. It is conceded, however, that there is no legal evidence to sustain the entry of a money judgment, and judgment heretofore entered is modified by setting aside the money judgment, and as thus modified, the judgment is affirmed.

NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.