[File No. 6025.]

BURKE COUNTY, a Municipal Corporation, Appellant, v. A. H. BRUSVEN et al., Overseers of the Poor of Fay Township, Burke County, North Dakota, et al., Respondents.

(241 N. W. 82.)

Opinion filed February 20, 1932.

*B. L. Wilson,* State's Attorney, for appellant.

*Thomas J. Burke,* Assistant Attorney General, as amicus curiæ.

CHRISTIANSON, Ch. J. This is an action brought by Burke county under § 2500, Comp. Laws. 1913, to determine the legal residence of an applicant for poor relief in that county. The material facts are undisputed and the ultimate question presented for determination is one of statutory consideration. The material and undisputed facts are as follows: For more than one year prior to April 1, 1931, one Lewis Allen and his family were residents of Fay township in Burke county. On that day they moved to the city of Columbus in that county with the intention of making their home in that city. They remained in the city of Columbus for approximately two months and then moved to Ward county. They resided in Ward county until on or about August 21, 1931, when the authorities of Ward county caused them to be removed and returned to Burke county on the ground that they were likely to become public charges and had no legal residence in Ward county so as to entitle them to poor relief therein. It is admitted that Lewis Allen and his family have a legal residence in Burke county and are entitled to poor relief in that county; but there is a dispute as to whether such residence is in the city of Columbus or in Fay township.

The district court held that Lewis Allen and his family had a "legal residence" and "settlement" in the city of Columbus and Burke county has appealed.

Our laws relating to residence as a condition prerequisite to entitle a person to poor relief read as follows:

"Residence may be acquired in any county so as to oblige such county to relieve and support the persons acquiring such residence in case they are in need of relief, as follows:

"1. The residence of a married woman follows that of her husband if he has any within the state, otherwise her own at the time of her marriage, and if she then had any residence it shall not be lost or sus-

pended by the marriage; and in case the wife shall be removed to the place of her residence, and the husband shall need relief, he shall receive it in the place where his wife shall have her residence.

"2. Legitimate children shall follow and have the residence of their father if he has any within the state, until they gain a residence of their own, but if the father has no residence they shall in like manner follow and have the residence of their mother if she has any.

"3. Illegitimate children shall follow and have the residence of their mother at the time of their birth, if she then has any within the state; but neither legitimate nor illegitimate children shall gain a residence by birth in the place where they were born, unless their parent or parents had a residence therein at the time.

"4. Each male person and each unmarried female over the age of twenty-one years, who shall have resided one year continuously in any county in this state, shall thereby gain a residence in such county. Each minor whose parents, and each married woman whose husband has no residence in this state, who shall have resided one year continuously in any county in this state, shall thereby gain a residence in such county. Every person who has resided one year continuously in the state, but not in any one county, shall have a settlement in the county in which he has longest resided within such year. The time during which a person has been an inmate of a hospital, poorhouse, jail, prison or other public institution and each month during which he has received relief from the poor fund of any county, shall be excluded in determining the time of residence hereunder. Every minor not emancipated and settled in his own right shall have the same settlement as the parent with whom he has last resided.

"5. Each minor who shall be bound as an apprentice to any person shall immediately upon such binding, if done in good faith, thereby gain a residence where his master has a residence.

"6. Each residence when once legally acquired shall continue until it is lost or defeated by acquiring a new one in this state, or by voluntary absence from the county in which such residence has obtained for one year or more; and upon acquiring a new residence, or upon the happening of such voluntary absence, all former residence shall be

defeated and lost, and the provisions of this section shall apply to cases of residence begun to be acquired or lost or defeated, as well heretofore as hereafter." Laws 1907, chap. 183; Comp. Laws 1913, § 2501.

The foregoing statute in its present form was enacted by the legislative assembly in 1907 and has remained in force without change since that time. Laws 1907, chap. 183; Comp. Laws 1913, § 2501.

At the time of the enactment of this statute, and at all times thereafter until 1913, an organized civil township, a city or a village had no responsibility, as such, to furnish aid to indigent persons; but that duty rested solely upon the county. Rev. Code 1905, §§ 1851, et seq. It was made the duty of each county to "relieve and support all poor and indigent persons residing therein, whenever they shall be in need thereof," and the board of county commissioners was authorized to "raise money for the support and employment of the poor." Rev. Code 1905, § 1853. The County Commissioners were constituted overseers of the poor and charged with all duties incident thereto. Rev. Code 1905, §§ 1851, et seq. In 1913 the legislative assembly adopted a new plan as regards poor relief and placed the burden of relieving and supporting poor and indigent persons residing within an organized civil township, a city or a village jointly upon the county and such township, city or village, Laws 1913, chap. 121. The supervisors of the several townships, the aldermen or city commissioners, or village trustees are constituted ex officio overseers of the poor within their respective townships, cities or villages and charged with corresponding duties. Laws 1913, chap. 121, §§ 1, 28; Comp. Laws 1913, §§ 2496, 2528. The board of county commissioners, however, are given authority to increase or decrease allowances made by an overseer of the poor, where justice seems to require it, "and to grant relief where an overseer of the poor of a township," city or village has refused to grant it. Laws 1913, chap. 121, § 11; Comp. Laws 1913, § 2508. It is provided that the township, city or village "where such poor person has a legal residence shall pay a sum equal to twenty-five per cent" of the amounts allowed for the aid and maintenance of such poor persons and that the county shall pay the remaining seventy-five per cent

thereof. Laws 1913, chap. 121, § 11.' As regards the question in what township an indigent person has a "legal residence," within the purview of the statute, the legislature said:

"The question of whether an applicant for poor relief has legal residence in the township, so as to entitle him to relief, shall be determined by the overseers of the poor according to the provisions of chapter 183 of the Laws of 1907, subject to appeal to the county commissioners who may bring action in the district court to determine the legal residence of applicants for poor relief, when the question is an issue between the overseer of the poor in two or more townships and when an agreement cannot be effected. When an action is brought for the purpose herein provided, the county commissioners may direct the overseers of the poor of the township where the application for relief was first filed, to contribute to the support of such poor during the pendency of such action, subject to reimbursement by the township where it is finally determined that such applicant has legal residence, if such action is decided favorably to the township contributing to the maintenance of such poor person." Comp. Laws 1913, § 2500; Laws 1913, chap. 121, § 5.

The term "legal residence" employed by the legislature in the poor relief laws has a meaning quite different from that which the same term has in other laws of the state. Thus, a person is not required to reside for any specified length of time in order to acquire a residence in the state within the purview of the general laws. Comp. Laws 1913, § 14; Jacobson v. Kill, 94 Okla. 146, 221 Pac. 21. And, a citizen of the United States, twenty-one years of age or over, who has resided in the state at least one year, may acquire a status as a legal voter in any county in the state by ninety days' residence therein. N. D. Const. § 121; Amendments, art. 40. Prior to the enactment of chapter 183, Laws 1907, the residence required in the county under the poor relief laws was the same as that required under the election laws, namely, ninety days. Rev. Code 1905, § 1854. There can be no doubt that the legislative assembly deliberately and intentionally changed this rule. Chapter 183, Laws 1907, in express terms amended § 1854, Rev. Code 1905, so as to read: "Each male person and each unmarried

female over the age of twenty-one years, who shall have resided · *one year* continuously in any county in this state, shall thereby gain a residence in such county." There was an emergency clause attached to the act which· provided: "Whereas, under the provisions of the present law residence may be acquired by such persons within ninety days, an emergency exists and this act shall take effect and be in force from and after its passage and approval." Hence, under our present laws, a person may be an elector and actually have voted in one county and yet later, on becoming an applicant for poor relief, not be entitled to relief in such county but entitled thereto in another county in which he formerly lived. In short, it is possible that a person may have a "legal residence" as a voter in one county and a "legal residence" for the purpose of obtaining poor relief in another.

It will be noted that § 2501, Comp. Laws 1913 makes no reference to the place of residence of an applicant for poor relief other than the county. The reason for this is obvious: At the time of its enactment the obligation to provide poor relief rested upon the county; there was no obligation upon an organized civil township,· a city or a village to furnish such relief. Hence, at that time questions as regards liability ·for poor relief could arise only between counties. The question in every case where a resident of the state sought poor relief was: "In what county does this indigent person have· a legal residence or settlement within the purview of the laws relating to poor relief?" ·But when the law-makers in 1913 changed the plan of providing and administering poor relief so as to make organized civil townships, cities and villages chargeable with the duty of extending and supervising such relief they realized that it was necessary to provide some standard or rule for determining the question of "legal residence" as between the different townships, cities and villages and so they expressly provided that, "the question of whether an applicant for poor relief has legal residence in the township, so às to entitle him to relief, shall be determined by the overseers of the poor according to the provisions of chapter 183, of the Laws of 1907, subject to appeal to the county commissioners who may bring action in the district court to determine the legal residence of applicants for poor relief, when the question is

an issue between the overseer of the poor in two or more townships and when an agreement cannot be effected." It is argued that this language has reference only to counties, and that its sole purpose was, and is, to require the overseers of the poor in the different townships, cities and villages to apply the provisions of chapter 183, Laws 1907, to ascertain whether an applicant for poor relief was a resident of the particular county in which relief is sought, and that it has no application in determining a question as to the residence of such applicant as between townships.

The language of the lawmakers, however, negatives any such intention. The statute says: "The question of whether an applicant for poor relief has legal residence *in the township,* so as to entitle him to relief, shall be determined by the overseers of the poor according to the provisions of chapter 183 of the laws of 1907." It further says that the determination made of this question shall be "subject to appeal to the county commissioners who may bring an action in the district court to determine the legal residence of applicants for poor relief, when the question is an issue between the overseer of the poor in two or more townships and when an agreement cannot be effected." This language is too plain for controversy. It clearly refers to residence within a given township and makes the same rules applicable to fixing such residence as that which exists as regards counties.

In considering applications for poor relief the first question to be determined as regards the "legal residence" of the applicant is whether such applicant has been a resident of the state for one year so as to be entitled to receive such relief in this state. Comp. Laws 1913, § 2501. If he is found to be such resident, the next question to be determined is, in what county is such person entitled to be afforded such relief? The answer to this question must be found by applying the rule stated in § 2501, Comp. Laws 1913 (subd. 4) which says that the "legal residence" within the purview of that section is acquired: (1) By continuous residence in a county for one year; and (2) where such person has resided one year continuously in the state, "but not in any one county," his legal residence or settlement is "in the county in which he has longest resided within such year." In some cases, as in

the case at bar, the further question arises as to in which of two or more townships, cities or villages the applicant for poor relief has a "legal residence," or "settlement." That is the sole question in this case. Here there is no question but the applicant for poor relief has a legal residence in Burke county and the question in controversy is whether he has a legal residence in the city of Columbus or in Fay. township. But the legislature has said that this question is to be determined in precisely the same manner and by application of precisely the same rules as in determining in what county the applicant has a legal residence. In other words, where it is established that an applicant for poor relief has a "legal residence" in a given county and is entitled to poor relief therein, the legal residence of such person is in any township, city or village therein, in which he has resided continuously for more than one year; but if such person has resided in one or more townships, cities or villages within the county, but less than one year in any one of them, he has acquired a legal residence or settlement in the township, city or village in which he has longest resided within such year.

It is contended that this court, in its decision in Burke County v. Oakland, 56 N. D. 343, 217 N. W. 643, ruled that § 2501, supra, was not applicable in determining a question of "legal residence" as between townships, but was applicable only as between counties. The question under consideration here, namely, whether the rules fixed by § 2501, supra, for the determination of the question as to the place of legal residence of an applicant for poor relief are applicable to controversies between townships as well as between counties, was not involved in that case. The question in that case was whether there had been a change of residence at all. We held that there had not been a change, because under the facts the defendant had never moved out of the township in which his homestead was located, and so had not lost his residence in that township.

The controlling facts, and the rule announced, in that case were epitomized in the syllabus as follows:

"Under subdivision 6 of § 2501, a residence once legally acquired continues until it is lost by acquiring a new one, or by voluntary

absence from the county in which such residence is established for a period of one year; and where a person has lived continuously for five years on his homestead, and thereafter rents the land, stopping there occasionally, building an addition to his house, digging stones on the land, going to the land, and looking after his share of the crop at threshing time, and there being no evidence that he was absent from the county for one year or that he established a new residence elsewhere, his legal residence on his homestead is not lost." Burke County v. Oakland, 56 N. D. 343, 217 N. W. 643.

Under the facts thus found by the court the indigent person had been a resident of a certain township for a number of years; had never abandoned his residence therein and consequently was entitled to poor relief as a resident of such township under any possible interpretation of the laws relating to residence.

It follows from what has been said that Lewis Allen and his family have a "legal residence" or "settlement" in Fay township, for poor relief purposes.

The judgment appealed from is reversed and the cause is remanded for further proceedings conformable to law.

BURR, NUESSLE, BIRDZELL and BURKE, JJ., concur.