## GRIEVES v. STATE ex rel. COUNTY ATTY. et al.

No. 23874.    June 19, 1934.

Rehearing Denied Sept. 11, 1934.

McCollum & McCollum and Rowland & Talbott, for plaintiff in error.

C. E. Mitchell, County Atty., for defendants in error.

P. E. Rowe, R. K. Robertson, and R. W. Stoutz, special counsel.

OSBORN, J. This is an appeal by John B. Grieves, hereinafter referred to as defendant, from a judgment and order of the county court of Pawnee county in which it was ordered that certain personal property of defendant be placed upon the tax rolls of Pawnee county for taxation.

This action was instituted by a complaint filed by one Homer Odell, tax ferret of Pawnee county, with the county treasurer, in which it was charged that defendant had omitted to list for taxation certain intangible personal property, such as stocks, bonds, notes, bills receivable, open accounts, and certificates of deposit, for the years of 1920 to 1929, inclusive; and that said property had a taxable situs in Pawnee county for the years stated. Defendant filed a response in which he denied the allegations of the complaint, and alleged that he was and had been for more than 12 years a resident and a citizen of Bartlesville in Washington county, Okla.; and that the taxing officials of Pawnee county had no authority or jurisdiction to tax such personal property.

On November 15, 1930, the complaint was dismissed by the county treasurer, who assigned as his reason therefor a finding to the effect that the legal residence or domicile of defendant during all the time it was sought to tax the property was in Bartlesville, in Washington county, and there was no legal situs for taxation of said property in Pawnee county; and, further, that the complaint filed by the tax ferret was too indefinite and uncertain to confer jurisdiction in the county treasurer.

From the ruling of the county treasurer, the state appealed to the county court where a hearing on the merits was held, and the court found the issues against defendant and ordered the property placed on the tax rolls for the years 1921 to 1929, inclusive, and fixed the valuation thereof for each year.

The principal issue of fact was whether defendant's residence or domicile was in Washington county or Pawnee county. In order to determine whether the finding of the county court in this regard is supported by the evidence, it is necessary to direct attention to some of the record facts.

The defendant is what is commonly known as a "wildcat" oil operator. He moved to Oklahoma in 1910 and entered the oil business. For two years he lived at Cleveland, Okla., and in 1912, having attained a measure of success in the oil business, purchased a residence in Bartlesville, Okla., and moved his family, which included a wife and 8 year old daughter, to Bartlesville, and established his residence there. His activities in the oil business required that he spend considerable time away from home. His activities in 1919 and 1920 were mostly in the Jennings oil field. In 1921 and 1922 he was interested in developing some leases near Eureka, Kan. In the latter part of 1920, he discovered some production near the vicinity of Terlton, in Pawnee county. In 1919 defendant engaged as his principal bookkeeper one H. T. Cook, and in 1920 Mr. Cook moved to Terlton to look after the business of his employer in that vicinity. The Cook family rented a house in Terlton, and in 1923 defendant purchased a house for them to live in. For several years defendant boarded and roomed with the Cook family, and in 1926 defendant purchased another house in Terlton and for approximately two years his wife lived with him at Terlton from time to time, alternating between the Terlton residence and the Bartlesville residence. During this time the residence at Bartlesville was not closed, but remained completely furnished and was kept open. It is shown that the daughter never resided in Terlton at any time, but was away most of the time attending school. When she returned for vacations the wife of defendant stayed with the daughter in the residence at Bartlesville. In 1925 defendant purchased a large cattle ranch located in Western Oklahoma and Western Kansas and spent considerable time on the ranch. The daughter married in 1930, and her husband took over the management of the ranch at that time.

It is shown that in the years 1914, 1920,

644

and 1924, defendant registered and voted in Bartlesville. In 1923 and 1926 he registered and voted in Terlton. He rendered personal property tax returns in both counties during the period of time involved herein. In two of these returns he claimed his $100 household exemption in Pawnee county, but neither of these returns was signed by defendant. He claimed the household exemption on his tax returns in Washington county for each year from 1921 to 1930, and personally rendered the Washington county property for taxation. Defendant was a director in a bank at Bartlesville, and did all of his banking there. His personal attorney lived in Bartlesville and defendant kept in his attorney's office voluminous important files. He testified that he never had an intention to change his legal residence of domicile from Bartlesville in Washington county at any time during the years involved herein. He further testified that after 1923, his principal place of business was Terlton, as most of his interests and activity were in that vicinity; that he had a safe in his office in Terlton, where he kept most of the papers and documents involved in this proceeding.

Considerable stress is laid upon the fact that defendant voted at Terlton, and at one time acted as an election official there. In this connection, defendant testified that he voted only at the insistence of some friends who were running for local office; that he did not register, but certificates of registration were secured by other persons for him; that he intended no harm in so voting, and did not intend thereby to surrender his legal residence at Bartlesville. It has been repeatedly held, however, that the mere fact of voting is insufficient to show an intent to change the legal residence. See White Investment Co. v. Stupart, 152 Okla. 144. 4 P. (2d) 77; Jacobson v. Kill, 94 Okla. 146, 221 P. 21; McClammon v. Jenkins, 44 Okla. 612, 145 P. 1163; In re Spencer's Estate (Cal.) 245 P. 176; Quinn v. Nevills (Cal. App.) 93 P. 1055.

In the light of the enumerated facts, and many other facts and circumstances shown by the record, we are of the opinion that the finding of the trial court that defendant's legal residence or domicile was at Terlton, in Pawnee county, from the years 1921 to 1929, inclusive, is contrary to the overwhelming weight of the evidence.

It is argued, however, that the fact of domicile is not controlling herein; that even though there was a legal domicile in Washington county, there was a legal situs for taxation of the property in Pawnee county.

In regard to intangible property, the maxim "mobilia sequuntur personam" embodies the general principle in relation to its situs for the purpose of taxation. In the absence of controlling circumstances to the contrary, the general rule is that the situs of intangible property for the purposes of taxation is at the owner's domicile. Great Southern Insurance Co. v. City of Austin (Tex.) 243 S. W. 778; Kirkland v. Hotchkiss, 100 U. S. 491, 25 L. Ed. 558; Union Refrigerator Transit Co. v. Kentucky, 199 U. S. 194, 26 S. Ct. 36, 50 L. Ed. 150; Silberman v. Blodgett (Conn.) 134 Atl. 778; American Barge Line Co. v. Board of Supervisors of Tax of Jefferson County (Ky.) 55 S. W. (2d) 416; Roach & Co. v. Harding, 348 Ill. 454, 181 N. E. 331; Harjin v. Owens, 52 F. (2d) 530. To the above general rule there is the well-defined exception that intangible personal property may have a business situs otherwise than that of the domicile of the owner for the purpose of taxation. Lockwood v. Blodgett (Conn.) 138 Atl. 520; National Leather Co. v. Commonwealth (Mass.) 152 N. E. 916; State v. Gehner (Mo.) 8 S. W. (2d) 1057. In order to constitute a business situs where intangible property is taxable other than the owner's domicile, it must be shown that possession and control of the property has been localized in some independent business or investment away from the owner's domicile so that its substantial use and value primarily attach to and become an asset of the outside business. Tax Commission v. Kelly Springfield Tire Co. (Ohio) 175 N. E. 700; Westinghouse Electric & Manufacturing Co. v. Los Angeles County (Cal.) 205 P. 1076. In order to constitute a business situs it is insufficient to show a mere transitory presence of the property for temporary or isolated transactions or for safekeeping or collection. Crane Co. v. City Council of the City of Des Moines (Iowa) 225 N. W. 344; Buck v. Beach, 206 U. S. 392, 27 S. Ct. 712, 51 L. Ed. 1106; Board of Com'rs of Johnson County v. Hewitt, 76 Kan. 816. 93 P. 181, 14 L. R. A. (N. S.) 493.

In the instant case it is shown that the property involved, being intangible personal property, was not an asset of the business of defendant which he was carrying on in Pawnee county. The mere presence of the property in the county in defendant's safe for safe-keeping is not sufficient to fix a taxable situs of the property in Pawnee county away from the domicile of defendant.

There are numerous other questions of law presented by the parties, but a discussion of said contentions is not necessary to a determination of this proceeding.

The judgment of the trial court is reversed and the cause remanded, with directions to dismiss the same.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.