No. 51,664

John C. Humpage and Eloise M. Humpage, *Appellants,* v. Marjorie M. Robards, County Treasurer of Shawnee County, *et al., Appellees.*

(625 P.2d 469)

Opinion filed March 25, 1981.

*Donald R. Hoffman,* of Humpage, Berger and Hoffman, of Topeka, argued the cause and was on the brief for the appellants.

*Ray D. Siehndel,* of Topeka, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Herd, J.: John C. and Eloise M. Humpage appeal from a trial court's order annulling and setting aside a restraining order previously granted by the court. The court also denied the issuance of a permanent injunction against the collection of appellants' intangibles taxes in Shawnee County.

This case is submitted on an agreed statement of facts. John C. Humpage and Eloise M. Humpage have for many years, including 1977, maintained a margin account agreement with the brokerage firm of B. C. Christopher and Company of Kansas City, Missouri. The company held corporate securities, which were owned by appellants, in its name pursuant to the agreement. The securities generated $29,656.86 in income for 1977. The income was properly reported to the Department of Revenue on the intangibles tax report form. On February 20, 1979, appellants filed this action seeking a declaratory judgment with injunctive relief against the appellee in her official capacity from collection of the 1977 intangibles taxes in the amount of $889.71. Appellants acknowledge they are residents of Shawnee County but allege the intangibles have attained a business situs in the State of Missouri by virtue of appellants' contract with B. C. Christopher and Company. On March 7, 1979, the trial court issued a restraining order against collection of the taxes but on September 26, 1979,

the court dissolved the restraining order and denied appellants' prayer for the permanent injunction, finding K.S.A. 79-3109 provides for a general tax on intangibles without regard to the situs of such intangibles. The court further found the situs of the intangibles became relevant only when the county assessed its intangibles taxes under K.S.A. 79-3109(b), stating:

"The Court is of the opinion that the plaintiff's argument regarding 'situs' of the assets is moot in that there is no elective or county tax as provided in K.S.A. 79-3109(b) at issue here."

There is only one issue in this case: May intangibles acquire a business situs for tax purposes outside the State of Kansas when the owner is domiciled in Kansas?

"While the maxim 'mobilia sequuntur personam' [movables follow the person] embodies the fundamental principle in respect of the taxable situs of intangible personal property, it is generally recognized that there may be a 'business situs' in a state other than the domicil of the owner or creditor in the case of intangibles used in such other state in the local business of their nonresident owner, which will enable that state to exact a property tax measured by the value of the intangibles used there." 71 Am. Jur. 2d, State and Local Taxation § 671, p. 917.

See Annot., 59 A.L.R.3d 837, 838.

The concept of business situs was discussed at length in *Kentucky Department of Revenue v. Bomar,* 486 S.W.2d 532 (Ky. 1972). In that case, Bomar delivered intangibles to a Georgia bank which was acting as trustee pursuant to a trust agreement between the parties. The Kentucky Department of Revenue attempted to assess an intangibles tax on the trust corpus and the court held the property was subject to such tax because the trust had not acquired a business situs in Georgia. The court noted several definitions of business situs taken from various jurisdictions and applied the following definition from *Holly Sugar Corp. v. Johnson,* 18 Cal. 2d 218, 223-224, 115 P.2d 8 (1941):

"As an exception to the general rule embodied in the legal maxim *mobilia sequuntur personam,* it is equally well settled that intangible property may acquire a situs for taxation other than at the domicile of the owner if it has become an integral part of some local business. [Citations omitted.] Business situs arises from the act of the owner of the intangibles in employing the wealth represented thereby, as an integral portion of the business activity of the particular place, so that it becomes identified with the economic structure of that place and loses its identity with the domicile of the owner."

The court also quoted the following from *Grieves v. State ex rel.,* 168 Okla. 642, 644, 35 P.2d 454 (1934):

"In order to constitute a business situs where intangible property is taxable other than the owner's domicile, it must be shown that possession and control of the property has been localized in some independent business or investment away from the owner's domicile so that its substantial use and value primarily attach to and become an asset of the outside business."

See *Commonwealth ex rel. Luckett v. Louisville & N. R. Co.,* 479 S.W.2d 15 (Ky. 1972).

These definitions embody the heart of the concept of localization and integration, that is, the " 'localization' of the intangibles and their 'integration' with local business in the state," (71 Am. Jur. 2d, State and Local Taxation § 673, p. 919), which are essential criteria in establishing a business situs.

Kansas courts have formulated rules governing the determination of a business situs for intangibles. The issue before this court in *Russell v. Cogswell,* 151 Kan. 14, 98 P.2d 179 (1940), was whether Kansas could impose inheritance taxes on a trust estate consisting primarily of intangibles where the trustee is a nonresident of Kansas with exclusive control over the trust. We held the trust had acquired a business situs in Missouri, citing the trustee's exclusive control and management over the trust. Additionally, we stressed the localization of trust assets in Missouri. The earnings were made in Missouri and the assets had become localized by investment and reinvestment of those earnings within the state.

The concept of localization and integration of intangibles with the economic structure of the area as well as the necessity of lack of control over the intangibles by the owner is present in other Kansas cases dealing with the concept of business situs. See *Honest v. Gann,* 120 Kan. 365, 244 Pac. 233 (1926); *Buck v. Miami County,* 103 Kan. 270, 173 Pac. 344 (1918); *Kimball Co. v. Shawnee County,* 99 Kan. 302, 161 Pac. 644 (1916); *Johnson County v. Hewitt,* 76 Kan. 816, 93 Pac. 181 (1907).

Applying the criteria for determining a business situs to the current situation, we find appellants have failed to meet either the control or localization and integration requirements of Kansas law. Although the intangibles in question are separate from the domicile of the owners and the agent invests and reinvests, pledges and repledges the assets, segregates collateral and manages the stocks without advising or consulting the Humpages, appellants nonetheless retain ultimate control over the future of the business relationship with B. C. Christopher and Company.

They are free to revoke the agent's power at any time, unlike the lack of control the trustor exhibited in *Russell v. Cogswell.* More important, however, is the lack of evidence showing localization and integration of assets with the alleged situs. Appellants fail to show the earnings and assets from the stock have become an integral part of the business activity of Kansas City, Missouri. This lack of permanent attachment to the foreign locality defeats appellants' claim of business situs and the intangibles retain their identity with the domicile of the owner.

We hold appellants' intangible property did not acquire a business situs in Kansas City, Missouri. The property is therefore subject to Kansas intangibles tax, pursuant to K.S.A. 79-3109(*a*).

The judgment of the trial court is affirmed.