No. 57,596

In The Matter of The Application of George A. Angle for Relief From A Tax Grievance in Sedgwick County, Kansas.

(703 P.2d 825)

Opinion filed July 26, 1985.

*Roger Sherwood,* of Sherwood & Hensley, of Wichita, argued the cause, and *Bryce A. Abbott,* of the same firm, was with him on the brief for appellant, City of Eastborough.

*Jay F. Fowler,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and *Stanley G. Andeel,* of the same firm, was with him on the brief for appellee, George A. Angle.

The opinion of the court was delivered by

Miller, J.: This is an appeal by the City of Eastborough from an order of the district court finding that certain intangibles belonging to the taxpayer, George A. Angle, had a business situs in the City of Wichita, and were thus not subject to the intangibles tax of the City of Eastborough for the year 1981.

Mr. Angle resides in the City of Eastborough, a city of the third class, which is surrounded on all sides by the City of Wichita. During the tax year, Angle maintained an office in the Kansas State Bank building in Wichita, from where he directed his numerous business ventures. These included an oil and gas exploration company, an oil and gas drilling company, the majority ownership interest in the Kansas State Bank and Trust Company, real estate acquisition and development, and extensive monetary investments and commodities trading, particularly in gold futures. Angle maintained a savings account, described as a working capital control account, in the Fourth National Bank at Wichita. Aside from the capital needs of his oil exploration and

drilling companies—both of which were sole proprietorships—and his real estate and development activities, millions of dollars were needed in the gold futures trading. Money from the working capital control account was used by Angle in his various businesses and investments, and that money for which he had no immediate demands was kept actively invested in certificates of deposit, treasury bonds and municipal bonds. All of his considerable business activities, including the investments, were managed and directed from the Wichita office, and the certificates, bonds and other securities were held there.

For the tax year 1981, Angle had intangible earnings upon which a tax of over $47,000 was assessed by the City of Eastborough. The taxpayer paid the first half of the intangible tax liability under protest and sought a refund of the amount paid and abatement of the second half of the tax. Prior to 1981, both Wichita and Eastborough levied an intangibles tax. The City of Wichita, however, eliminated its tax on intangibles for the year 1981 (see K.S.A. 1981 Supp. 79-3109), but Eastborough did not.

The Board of Tax Appeals held a full evidentiary hearing, following which it issued its order finding generally for the City of Eastborough and against the taxpayer. The board relied upon our opinion in *Humpage v. Robards*, 229 Kan. 461, 625 P.2d 469 (1981). The issue in that case was whether certain intangibles held for the taxpayer in Missouri under a brokerage agreement were taxable in Kansas. Whether the intangibles were taxable at the owner's home or office was not an issue. We recognized in *Humpage* that ordinarily the tax situs of intangibles is at the domicile of the owner under the maxim *mobilia sequuntur personam,* but that, under an exception to that rule, intangibles may acquire a situs for taxation other than at the owner's domicile if the property has become an integral part of some local business. We held that in order to come within the exception, the taxpayer must show that both possession and control of the intangibles had been established in some independent business or investment away from the owner's domicile. Humpage failed to establish either the control or localization and integration requirements, and thus the intangibles were taxable in Kansas. In this case, the Board of Tax Appeals held that Angle failed to demonstrate the necessary lack of control over the intangibles and thus they were taxable at his domicile in the City of Eastborough.

The district court, also applying the *Humpage* doctrine, held that the intangibles were integrated within the various businesses of the taxpayer, and that the taxpayer did not have unfettered control over the working capital control account and the earnings thereon because the use and application of funds was dictated by the varying needs of his businesses. The court concluded that the business situs exception discussed in *Humpage* was applicable, and the court ordered the 1981 taxes paid refunded, and directed that the last half which was unpaid be abated. The City of Eastborough appeals.

We do not find *Humpage* controlling in this situation. Instead, we find solution to the dispute in statutory law. K.S.A. 79-3109a (Weeks), repealed in 1982 but in full force and effect for the tax year involved, provides in applicable part as follows:

"The tax situs of all accounts receivable and secured or unsecured debts owned by persons . . . arising out of, or acquired in the conduct of, business transacted by such person . . . *shall be at the principal office of such person* . . . ." (Emphasis supplied.)

All of the intangibles with which we are concerned constitute "secured or unsecured debts" that arose out of or were acquired by the taxpayer in the conduct of his extensive business and financial operations and transactions. Under the circumstances shown to exist, we conclude that the cited statute dictates the conclusion that the situs of the intangibles herein, for tax purposes, was within the City of Wichita where the taxpayer's office was located. The plain language of the statute controls, and we need not apply court-formulated rules. Although the judgment of the trial court rests upon erroneous grounds, it was correct, and will be upheld. See *State Farm Fire & Cas. Co. v. Liggett*, 236 Kan. 120, 126-27, 689 P.2d 1187 (1984), and cases there cited.

Finally, the City contends that the district court exceeded its authority by reversing the decision of the board. It argues that the district court used the same legal principles that were applied by the board and therefore the district court must have reweighed the evidence and substituted its own findings of fact for those of the board. The facts, however, were not in controversy; all of the evidence was presented by the taxpayer. The trial court made no new findings of fact, but simply applied the legal principles differently than did the board. As we said in

*Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 453, 691 P.2d 1303 (1984):

"Where a court reviews an agency's order on a question of law, that review is not limited by the statute. In reviewing questions of law, a court may substitute its judgment for that of the agency."

The district court decision dealt with interpretation of case law. We decide the issue on the basis of statutory law. In both instances, the facts remain constant, but the district court's interpretation of the case law and our interpretation of statutory law differs from that of the board.

The judgment is affirmed.

HOLMES, J., not participating.

McFARLAND, J., dissenting: The majority bases its affirmance of the district court upon K.S.A. 79-3109a (Weeks). This statute was not relied upon by the district court nor has either party cited the same to this court for consideration. I do not believe this was an oversight by the parties or the district court. In my opinion the statute has no application to the issue before us.

K.S.A. 79-3109a pertains to the tax situs of "all accounts receivable and secured or unsecured debts owned by persons." The items in the case before us are certificates of deposit, a savings account, treasury bonds and municipal bonds. None of such items is commonly considered to be either "accounts receivable and secured or unsecured debts." More specifically, however, K.S.A. 79-3108 (Weeks), the pertinent definitional statute for the intangibles taxation herein, provides:

"For the purpose of taxation the term 'money' shall mean and include gold and silver coin, United States treasury notes, and other forms of currency in common use. The term 'notes and other evidences of debt' shall include and mean certificates evidencing shares of stock otherwise taxable to the owner or holder, notes, bonds, debentures, claims secured by deed, liquidated claims and demands for money, accounts receivable, and all written instruments, contracts or other writings evidencing, calling for, fixing or showing a fixed obligation, determined or determinable, at present or in the future, in favor of the holder thereof; *Provided*, That nothing contained in this section shall mean or include oil or gas leases or any interests created thereby or arising therefrom, or shall mean or include any royalty interests in oil or gas."

By the definitional statute then, treasury bonds are money and K.S.A. 79-3109a does not apply to money.

Further, the definitional statute places a number of widely divergent items within the term "notes and other evidences of debt"—the items include accounts receivable, bonds, etc. However, K.S.A. 79-3109a does not use the broad term "notes and other evidences of debt." Rather, this statute is confined to certain limited categories within the broad definitional term— namely "accounts receivable" and "secured or unsecured debts." I believe that there is no legal basis for including municipal bonds, certificates of deposit or savings accounts within the purview of K.S.A. 79-3109a.

HERD, J., joins the foregoing dissent.